**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Bonnie Lee SIMPSON, Defendant-Appellant.**

**No. 73-1208.**

United States Court of Appeals, Fifth Circuit.

June 29, 1973.

Rehearing and Rehearing En Banc Denied Aug. 13, 1973.

Warren Weir, San Antonio, Tex., for defendant-appellant.

William S. Sessions, U. S. Atty., James E. Bock, W. Ray Jahn, Asst. U. S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before GEWIN, THORNBERRY and SIMPSON, Circuit Judges.

GEWIN, Circuit Judge:

Appellant Simpson was indicted for conspiring to possess with the intent to distribute a quantity of lysergic acid diethylamide (L.S.D.) in violation of 21 U.S.C. §§ 841(a)(1) and 846. A jury found her guilty and a sentence of five years imprisonment was imposed to be followed by a special parole term of ten years. On this appeal, Simpson limits her challenge to the imposition of the special parole term of ten years. At the time of sentencing when the term of special parole was imposed by the court no objection was made by the appellant to the special parole term.

In an apparent response to the growing drug problem which infests our nation Congress has enacted special rehabilitative and parole provisions which guide a trial court in sentencing a convicted defendant like the appellant.[1] 21 U.S.C. § 841(b)(1)(B) requires the trial court after imposing the prison sentence under that subsection on a first offender to further provide a special parole term of at least two years. Thus in the instant case after imposing the maximum sentence of five years, the lower court pursuant to the mandate of the above provision added the special parole term now challenged.[2]

Appellant now makes a broad-based constitutional challenge to this special parole provision enacted by Congress. She asserts that her fifth amendment rights to due process of law have been violated because: (a) the imposition of a special parole term is infirm on vagueness grounds; and, (b) Congress has failed to clearly provide an agency to oversee felons sentenced under the special parole provisions or to delineate the conditions of parole. Finally, appellant asserts that the application of the special parole provision by the trial court in imposing a ten year term violates the eighth amendment proscription against cruel and unusual punishment. Recognizing our duty to provide for the fundamental fairness guaranteed by the fifth amendment to all who become ensnarled in the criminal process, we nevertheless conclude that the provisions

---

1. An extended discussion of the act, the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801 et seq. is unnecessary here. We have previously upheld the constitutional validity of the act. See, United States v. Lopez, 459 F.2d 949 (5th Cir. 1972) Section 841(b)(1)(B) reads in relevant part:

In the case of a controlled substance in schedule I or II which is not a narcotic drug or in the case of any controlled substance in schedule III, such person shall be sentenced to a term of imprisonment of not more than 5 years, a fine of not more than $15,000, or both. . . . . Any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such prior conviction, impose a special parole term of at least 2 years in addition to such term of imprisonment . . .

Further subsection "c" provides:

A special parole term imposed under this section or section 845 of this title may be revoked if its terms and conditions are violated. In such circumstances the original term of imprisonment shall be increased by the period of the special parole term and the resulting new term of imprisonment shall not be diminished by the time which was spent on parole. A person whose special parole term has been revoked may be required to serve all or part of the remainder of the new term of imprisonment. A special parole term provided for in this section or section 845 of this title shall be in addition to, and not in lieu of, any other parole provided for by law.

Since appellant was a first offender, the trial court appropriately sentenced her under the above provisions.

2. Although 21 U.S.C. § 841(b)(1)(B) requires a minimum parole term of two years, the maximum limits for the special parole term are left to the discretion of the trial court. Thus, Congress implicitly recognized the equitable and remedial considerations which go into such sentencing processes and accordingly deferred to the expertise of the sentencing tribunal who must deal with such problems on a case by case basis.

now challenged do not fall below the applicable standards required by the due process clause of the fifth amendment and therefore affirm.

At the outset it must be noted that the sentence imposed by the district court is succinctly stated. Appellant must spend five years in prison followed by a special parole term of ten years for her misdeeds. At least in this respect then the sentence is unequivocal and its exactitude cannot be questioned. However, the real thrust of appellant's vagueness argument is that she does not know what will be the conditions of her parole or what agency will supervise her conduct when she is eventually granted conditional freedom.

█ Such issues are not ripe for adjudication at this time. Appellant has been sentenced to serve five years in prison and will not commence to serve her ten year parole term until the termination of this period. Further, we are aware of no constitutional requirement that a convicted felon is entitled to prior notice of the conditions of his sentence or term of parole. Such lack of knowledge applies to the conditions of her confinement as well as the conditions of her parole. While certain conditions of parole are undoubtedly imposed on all released persons, the prescription of other restrictions must await a detailed examination of the prisoner and the unique circumstances surrounding each particular case before they can be intelligently imposed. Thus whatever conditions are eventually imposed, the reasons for their imposition are well grounded in the dual needs of protecting society and rehabilitating the felon. Common sense tells us therefore that appellant is not now prejudiced or harmed by the seeming failure of the Act to provide specifically for the administration of her parole term or its conditions.

█ It is beyond constitutional doubt that Congress has the inherent power to adopt penal and rehabilitative provisions in response to the present pervasive drug traffic problem. This is particularly true when the quantity of the drug and its dangerous ingredients affect not only the individual user but society as well. While in this instance Congress could have been more specific by enacting detailed directives on how this special parole term is to relate to the traditional parole process, we fail to perceive how a lack of such directives is an impediment to the constitutionality of the Act.

Although we do not reach the problem of whether an individual sentenced under the Act will be subject to the control of the United States Board of Parole or under the direct supervision of the sentencing court it is our tentative opinion that such supervision could be provided by the parole board.[3] If it should be concluded that the parole board does not have authority to supervise persons placed on parole pursuant to the Act, it would appear that the sentencing court would have the inherent power to supervise parolees under the recognized role of the judiciary in supervising the execution and implementation of its judgments and sentences.

Courts have wide discretion under many criminal statutes with respect to the imposition of sentences. For example in criminal contempt cases, a federal court has unlimited discretion as to the length of the sentence to be imposed. 18 U.S.C. § 401. Similarly a federal court now exercises plenary control over those whose sentences have been probat-

---

3. It should be noted that the statute which creates the Board of Parole provides that it is under the supervision of the Department of Justice. The Act specifically provides:

The Attorney General shall from time to time designate one of its members to serve as Chairman of said Board and *delegate to him the necessary administrative duties and responsibilities.* (emphasis supplied)
18 U.S.C. § 4201.
By its terms the Parole Board Act apparently applies to all federal prisoners.

ed. See 18 U.S.C. § 3651. In a somewhat analogous situation Congress has vested in the sentencing court great flexibility in dealing with juvenile offenders under the Federal Youth Corrections Act, 18 U.S.C. § 5005 et seq. See particularly section 5010 of that act. Attacks against the Federal Youth Corrections Act similar to the ones asserted here by appellant have been uniformly rejected by the courts. There is some uncertainty inherent in every sentence imposed. Actually each defendant is committed "to the custody of the Attorney General or his authorized representative for imprisonment." The sentence makes no reference to the place or the specific conditions of confinement. Indeterminate sentences in state courts are not uncommon.[4] Against this background, appellant's contentions must fail. If it should develop that her supervision and treatment during her parole violate fundamental principles of fairness, surely such treatment would be subject to an attack in an appropriate suit in federal court. At the present time however, such an attack is premature and is based on pure surmise and conjecture.

Likewise, appellant's eighth amendment attack is without merit. Appellant was convicted of a conspiracy to possess with the intent to distribute 4.8 grams of L.S.D. Without contradiction government counsel points out that the evidence in this case shows that this is enough L.S.D. to market 48,000 unit dosages. We feel that the sentence imposed by the lower court is totally consistent with the "precept of justice that the punishment for crime should be graduated and proportioned to [the] offense."[5]

Affirmed.

---

4. See, D. Karlen, Ango-American Criminal Justice 201–202 (1967).

5. Weems v. United States, 217 U.S. 349, 367, 30 S.Ct. 544, 549, 54 L.Ed. 793 (1910). See, United States v. Scales, 464 F.2d 371, 376 (6th Cir. 1972).