**UNITED STATES of America, Appellee,**

v.

**Dolores Pauline REA, Appellant.**

**No. 74-3459.**

United States Court of Appeals, Ninth Circuit.

March 15, 1976.

Robert W. Ripley, Jr., San Diego, Cal., for appellant.

H. B. Hoffman, Asst. U. S. Atty., San Diego, Cal., for appellee.

## OPINION

Before CHOY and GOODWIN, Circuit Judges, and EAST,[*], District Judge.

PER CURIAM:

Defendant, who was apprehended at the San Ysidro checkpoint crossing the border with approximately five pounds of heroin in her automobile, appeals from the resulting conviction.

The appeal challenges the sufficiency of the instructions regarding defendant's knowledge of what substance, if any, she was importing (or possessing); asserts a defect in the sentencing procedure; and contends that the sentence itself is unconstitutional. None of the points is well taken.

Defendant was charged with illegally importing (21 U.S.C. § 960) and possessing with intent to distribute (21 U.S.C. § 841(a)(1)) the heroin which the border police found secreted in her automobile. The trial judge read the indictment in two counts and instructed the jury as to the elements of the offense in similar language.[1] The jury sent the judge a note indicating some confusion on the second element of the first count. The jury want-

---

[*] The Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

1. "In Count One the grand jury charges that on or about May 26, 1974, in the Southern District of California, defendant Dolores Pauline Rea did knowingly and intentionally import and attempt to import approximately five pounds of heroin, a Schedule [I] controlled substance, into the United States from a place outside thereof in violation of Title 21, United States Code Sections 952, 950 [sic, 960] and 963.

"In Count Two charges, that on or about May 26, 1974, in the Southern District of California, defendant Dolores Pauline Rea, did knowingly and intentionally possess with intent to distribute approximately five pounds of heroin, a Schedule [I] controlled substance, in violation of Title 21, United States Code Section 841(a)(1).

" * * *.

ed to know if the element "knowingly caused the importation" required a finding that defendant knew she had heroin in her car or whether a finding that defendant knew she had a controlled substance in the car would be sufficient. After the judge had repeated his instructions a number of times, the jury stated that it was satisfied.

 As we held in *United States v. Jewell*, 532 F.2d 697 (9th Cir. 1976) (en banc), an importer of drugs need not know specifically which drug he or she is importing; the importer must have known only that he or she is importing some controlled substance. The jury in this case convicted Ms. Rea on the basis of adequate, albeit not perfect, instructions. Any ambiguity in the instructions could only have benefited the defendant, because some jurors might have had an erroneous, but more stringent, view of the government's burden of proof: namely, that the government had to prove Ms. Rea knew she was importing *heroin,* not just any controlled substance. However, the erroneous view of the government's burden, if held by any of the jurors, is logically harmless to defendant beyond any reasonable doubt.

On the sentencing point, the defendant asserts that she was prejudiced by the circumstances surrounding the withdrawal of an attorney earlier in the prosecution. We have examined the record and find no basis for reversal. Nothing supports the defendant's bald assertion that the judge's knowledge that an attorney had left the case because of a disagreement with his client caused the judge to impose a more severe sentence than he might otherwise have imposed.

Finally, as regards the length of the mandatory special parole term imposed in obedience to 21 U.S.C. § 841(b)(1)(A), the defendant seeks to interpose a limit which Congress did not enact, and for which we find no warrant in the Eighth Amendment. There is nothing *per se* cruel or unusual about placing on life parole a convicted offender who is eligible for consecutive prison terms that would ordinarily use up a human life expectancy. *Cf. United States v. Rivera-Marquez,* 519 F.2d 1227 (9th Cir.), *cert. denied,* 423 U.S. 949, 96 S.Ct. 369, 46 L.Ed.2d 285 (1975). Parole is not cruel and unusual punishment. The revocation of parole and incarceration under certain circumstances might raise some questions, but these are not now before us, and there is no need to speculate about them.

Affirmed.

---

" * * * Three elements are required to be proved in order to establish the offense charged in Count One of the indictment, the so-called importation count.

"First, that the defendant imported into the United States a controlled substance; second, that the defendant knowingly caused that importation; and third, that the substance alleged is heroin, a Schedule [I] controlled substance.

"The term controlled substance means a drug or other substance included in Schedule [I].

"You are further instructed that if you find that the substance alleged is heroin, then you must find that said substance is a controlled substance included in Schedule [I].
" * * *.

"Again, three essential elements are required to be proved in order to establish the offense charged in Count Two of the indictment.

"First, that the defendant possessed with intent to distribute a controlled substance; second, that the defendant did such act or acts knowingly or intentionally and third, that the substance alleged is heroin, a controlled substance."