UNITED STATES of America,
Plaintiff-Appellee,

v.

David S. KUCK, Defendant-Appellant.

No. 77–1569.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Feb. 15, 1978.

Decided March 30, 1978.

Rehearing Denied April 29, 1978.

BREITENSTEIN, Circuit Judge.

The issue in this appeal is whether the special parole term provided in 21 U.S.C. § 841(b) violates the United States Constitution. On a Rule 35, F.R.Crim.P., motion for vacation of sentence, the district court upheld the special parole provision and this appeal followed.

The jury found defendant-appellant Kuck guilty of charges relating to the manufacture, distribution, and possession of amphetamines and methamphetamines in violation of 21 U.S.C. §§ 846 and 841(a). On June 10, 1977, he was sentenced to five-year concurrent terms with a special parole term of five years in addition to the term of the imprisonment. Defendant is now confined under the imprisonment term.

The Comprehensive Drug Abuse Prevention and Control Act of 1970 declares amphetamines and methamphetamines to be Schedule III controlled substances, 21 U.S.C. § 812(c), Sch. III(a)(1) and (2). Section 841(b)(1)(B) provides that a first offense violation relating to a Schedule III controlled substance subjects the offender to imprisonment of not more than five years and that a sentence imposing a prison term "shall, * * * impose a special parole term of at least 2 years in addition to such term of imprisonment." Section 841(c) provides that if the parole conditions are violated, the parole may be revoked. In such event, "the original term of imprisonment shall be increased by the period of the special parole term and the resulting new term of imprisonment shall not be diminished by the time which was spent on special parole."

■ Defendant argues that the special parole term is an unconstitutional delegation of legislative authority contrary to Art. I, § 1, of the Constitution and to the doctrine of separation of powers. Emphasis is placed on the failure to provide either a maximum term or guidelines for the exercise of judicial discretion. A sentencing statute is not unconstitutional because of failure to provide a maximum term. See

Edward W. Nottingham, Denver, Colo. (Joseph F. Dolan, U. S. Atty., Denver, Colo., with him on the brief), for plaintiff-appellee.

Scott H. Robinson, Denver, Colo. (Walter L. Gerash, P. C., Denver, Colo., with him on the brief), for defendant-appellant.

Before BARRETT, BREITENSTEIN and LOGAN, Circuit Judges.

*Binkley v. Hunter,* 10 Cir., 170 F.2d 848, cert. denied 336 U.S. 926, 69 S.Ct. 645, 93 L.Ed. 1087, *Earin v. Beto,* 5 Cir., 453 F.2d 376, 377, cert. denied 406 U.S. 909, 92 S.Ct. 1618, 31 L.Ed.2d 819 and *United States v. Rich,* 8 Cir., 518 F.2d 980, 987, cert. denied 427 U.S. 907, 96 S.Ct. 3193, 49 L.Ed.2d 1200.

In *United States v. Jones,* 10 Cir., 540 F.2d 465, 468, cert. denied 429 U.S. 1101, 97 S.Ct. 1125, 51 L.Ed.2d 551, we held that the special parole provisions of § 841(b) involved "no unlawful delegation of legislative power." A similar argument directed at another statute was rejected in *Sam v. United States,* 10 Cir., 385 F.2d 213, 215. Defendant denies the applicability of the *Jones* decision because it did not discuss the failure of Congress to provide guidelines for the exercise of judicial discretion. The argument has no merit.

■ Because the delegation is lawful, the defense argument goes only to the question of whether the court acted within its discretion in the exercise of the delegated power. The statutory provision is that the special parole term be "at least" two years. Implicit in the language is a congressional recognition that the term might exceed two years. In fixing the five-year term, the sentencing court did not exceed or abuse its constitutionally delegated power. See *Binkley v. Hunter,* 170 F.2d at 849–850.

■ Defendant contends that the statutory provisions for a mandatory special parole term violate the due process and double jeopardy provisions of the Fifth Amendment. The due process argument is that upon a charged violation of the parole terms the defendant is subject to imprisonment without the benefit of any judicial process. The answer is that defendant is serving his primary term. Any theorizing over what might happen if he is charged with a parole violation is of no materiality. We refuse to assume that when and if defendant is charged with parole violation he will be denied due process. See *United States v. Simpson,* 5 Cir., 481 F.2d 582, 584, cert. denied 414 U.S. 1095, 94 S.Ct. 728, 38 L.Ed.2d 553.

Violation of the double jeopardy clause is asserted on the ground that parole revocation will be double punishment for the same offense without credit for time on parole. The sentence specifically provides for the special parole term. The statute, § 841(b)(1)(B), says that the parole term shall be in addition to the term of imprisonment. If the parole conditions are violated, specified additional punishment results.

■ The double jeopardy clause protects an individual from being subjected to the hazards of trial and possible conviction more than once for the same offense. *Green v. United States,* 355 U.S. 184, 187, 78 S.Ct. 221, 2 L.Ed.2d 199, see also *Breed v. Jones,* 421 U.S. 519, 529–530, 95 S.Ct. 1779, 44 L.Ed.2d 346. Defendant has been subjected to one prosecution and has received one sentence.

The instant case is unlike *Mayfield v. United States,* 10 Cir., 504 F.2d 888 and *Garcia v. United States,* 10 Cir., 492 F.2d 395, cert. denied 419 U.S. 897, 95 S.Ct. 178, 42 L.Ed.2d 142, where we rejected double jeopardy challenges to the correction of an erroneous sentence. The essence of the defense argument is that additional imprisonment after parole revocation would be double punishment for the same offense. A similar argument has been made in situations where sentence was suspended and reinstated after a parole violation. See *Thomas v. United States,* 10 Cir., 327 F.2d 795, 797, cert. denied 377 U.S. 1000, 84 S.Ct. 1936, 12 L.Ed.2d 1051, and *Gillespie v. Hunter,* 10 Cir., 159 F.2d 410, 412. The reasoning of those decisions is applicable here. The double jeopardy claim is without merit.

■ Defendant assets that imposition of the special parole term is cruel and unusual punishment in violation of the Eighth Amendment. The sentence is within the statutory limits. Ordinarily such a sentence will not be disturbed on appeal. *Andrus v. Turner,* 10 Cir., 421 F.2d 290, 292. Although the Eighth Amendment is a constitutional limitation on congressionally prescribed penalties, legislative provision for a penalty is some indication that it does

not offend "the evolving standards of decency that mark the progress of a maturing society." *Trop v. Dulles,* 356 U.S. 86, 101, 78 S.Ct. 590, 598, 2 L.Ed.2d 630. (Opinion of Warren, C. J.). See also *Gregg v. Georgia,* 428 U.S. 153, 175–176, 96 S.Ct. 2909, 49 L.Ed.2d 859.

■ The purpose of the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801 et seq., was "to strengthen existing law enforcement authority in the field of drug abuse." *United States v. Steinberg,* 2 Cir., 525 F.2d 1126, 1133, cert. denied 425 U.S. 971, 96 S.Ct. 2167, 48 L.Ed.2d 794. A number of circuits have upheld special parole terms more onerous than that here imposed, against Eighth Amendment attacks. See *United States v. Rivera-Marquez,* 9 Cir., 519 F.2d 1227, 1228–1229, cert. denied 423 U.S. 949, 96 S.Ct. 369, 46 L.Ed.2d 285; *United States v. Simpson,* 5 Cir., 481 F.2d 582, 585; and *United States v. Scales,* 6 Cir., 464 F.2d 371, 376. The special parole provisions of § 841(b) are not out of all proportion to the offenses established and have a positive relationship to curing the perceived ill. *Rivera-Marquez,* supra, 519 F.2d at 1229. In the instant case, the sentence imposing both imprisonment and the special parole term is consistent with the "precept of justice that punishment for crime should be graduated and proportioned to [the] offense." *Weems v. United States,* 217 U.S. 349, 367, 30 S.Ct. 544, 549, 54 L.Ed. 793. It does not violate the Eighth Amendment.

■ The statute providing for the special parole term is attacked as unconstitutionally vague and overbroad in violation of the Fifth Amendment because it does not specify the conduct prohibited during the special parole term. We are aware of no constitutional requirement that a statute spell out the terms and conditions of parole or that a defendant be informed of those conditions at the time of sentence. See *United States v. Rich,* 8 Cir., 518 F.2d 980, 986, and *United States v. Simpson,* 5 Cir., 481 F.2d 582, 584. Whatever objections defendant might have to parole conditions are presently without materiality because he is now confined under the primary sentence.

Affirmed.