**UNITED STATES of America, Plaintiff,**

**v.**

**Heriberto Nanez HUERTA, Defendant.**

**No. CR–76–71–D.**

United States District Court,
W. D. Oklahoma.

Feb. 27, 1980.

David L. Russell, U. S. Atty., by Drew Neville, Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff.

William P. Bleakley, David N. O'Brien, Oklahoma City, Okl., for defendant.

OPINION AND ORDER

DAUGHERTY, Chief Judge.

This is a motion to vacate, set aside, or correct sentence by defendant, an inmate at the United States Penitentiary, Terre Haute, Indiana. Defendant is incarcerated pursuant to judgment and sentence entered in this court on May 5, 1976, following his conviction after trial by jury of violation of 21 U.S.C. § 841(a)(1), distribution of heroin, as charged in a one–count indictment. De-

fendant was sentenced to imprisonment for a term of twelve (12) years and to serve a special parole term of six (6) years upon the expiration of the sentence of imprisonment.

The sole ground asserted by defendant in support of his motion is that the imposition of a sentence of imprisonment and of a special parole term constituted double punishment for the same offense, in violation of the double jeopardy provision of the Fifth Amendment. Defendant cites *Ex parte Lange*, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1873), *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) and *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), as the principal authorities in support of his contention.

In *Lange*, it was properly held that where a statute permitted punishment in the form of a fine *or* imprisonment and the sentencing court imposed *both* a fine *and* imprisonment, the defendant's constitutional rights were violated. *Pearce* simply requires that credit be given for time served under an earlier conviction when a new sentence is imposed upon retrial for the same offense. In *Benton*, defendant was indicted for larceny and burglary. Upon trial, he was acquitted of the larceny charge and convicted of burglary. He appealed the burglary conviction and won the right to demand re–indictment. He was then re–indicted on both charges. It was successfully urged that he could not be retried on the larceny charge on which he had previously been acquitted. Quoting from *Green v. United States*, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199, the Supreme Court stated:

"[C]onditioning an appeal of one offense on a coerced surrender of a valid plea of former jeopardy on another offense exacts a forfeiture in plain conflict with the constitutional bar against double jeopardy."

As is contended in plaintiff's response to the motion, defendant's case presents none of these fact situations. Under 21 U.S.C. § 841 the statutorily authorized punishment consists of a term of imprisonment, a fine, or both. In addition, any sentence imposing

a term of imprisonment is required to impose, in addition thereto, a special parole term. The imposition of a special parole term is not discretionary with the sentencing judge, but is mandated in any instance where a term of imprisonment is imposed. In no sense is the imposition of a special parole term a second punishment imposed for the same offense, nor do the cases cited by defendant support his argument to that effect.

The power of the Congress to require the imposition of a special parole term under 21 U.S.C. § 841 has been previously upheld against challenges asserted under the due process requirement of the Fifth Amendment and under the prohibition against cruel and unusual punishment contained in the Eighth Amendment. *U.S. v. Simpson*, 481 F.2d 582 (5th Cir. 1973), *cert. denied* 415 U.S. 931, 94 S.Ct. 1444, 39 L.Ed.2d 489; *U.S. v. Jones*, 540 F.2d 465 (10th Cir. 1976), *cert. denied*, 429 U.S. 1101, 97 S.Ct. 1125, 51 L.Ed.2d 551.

In *Simpson*, the court makes the following statement:

"It is beyond constitutional doubt that Congress has the inherent power to adopt penal and rehabilitative provisions in response to the present pervasive drug traffic problem."

The penal and rehabilitative provisions set out in 21 U.S.C. § 841, under which defendant herein was sentenced in this court, are both clear and unequivocal. Defendant was tried and convicted of the offense charged in the indictment. Under the provisions of 21 U.S.C. § 841, he was sentenced to a term of imprisonment followed by a mandatory special parole term. This was a single punishment for a single offense.

For the reasons stated herein, the motion of defendant herein should be denied and this action dismissed.

IT IS SO ORDERED.