**UNITED STATES of America**

v.

**Michael Stanley GREENE.**

**Crim. No. 72–425.**

United States District Court,
E. D. Pennsylvania.

March 12, 1981.

Michael Stanley Greene, pro se.

Lynell N. Staton, Asst. U. S. Atty., Philadelphia, Pa., for respondent.

## MEMORANDUM AND ORDER

DITTER, District Judge.

Petitioner, Michael Stanley Greene, was convicted of two counts of aircraft piracy under 49 U.S.C. § 1472(i) and on March 18, 1974, I sentenced him to concurrent 50 year terms of imprisonment. 373 F.Supp. 149.

Petitioner now moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons which follow, the motion will be denied.

■ The first ground advanced for relief is that the sentence was illegal and unlawful in that it was greater by 30 years than that which petitioner perceives to be the maximum sentence for a violation of 49 U.S.C. § 1472(i)(1)(A). However, 49 U.S.C. § 1472(i)(1)(A) states that aircraft piracy shall be punished "by imprisonment for *not less* than 20 years" (emphasis added). Petitioner's contention is contrary to the clear meaning of the words "not less than." These words fix a minimum but clearly imply that more may be imposed. Such a statute is not subject to the attack that it is vague and indefinite. *Binkely v. Hunter*, 170 F.2d 848, 849 (10th Cir. 1948), *cert. denied*, 336 U.S. 926, 69 S.Ct. 645, 93 L.Ed. 1087 (1949). *See also United States v. Jones*, 540 F.2d 465, 468 (10th Cir. 1976), *cert. denied*, 429 U.S. 1101, 97 S.Ct. 1125, 51 L.Ed.2d 551 (1977).

■ Petitioner claims that his eighth and fourteenth amendment rights were violated by the sentences imposed. He also asserts the statute, 49 U.S.C. § 1472(i)(1)(A), is unconstitutional because it vests a judge with too much discretion and results in arbitrary and illegal sentences. However, a statute is not unconstitutional because of failure to provide a maximum term. *United States v. Kuck*, 573 F.2d 25, 26 (10th Cir. 1978). The most recent Supreme Court case in this area is *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980), which involved a challenge to a Texas recidivist statute that mandated a life sentence for a third felony conviction. In *Rummel*, the petitioner argued that life imprisonment was grossly disproportionate and violated the constitutional ban on cruel and unusual punishment because the underlying felonies were relatively minor. The Supreme Court rejected this contention, stating that "for crimes concededly classified and classifiable as felonies, that is, as punishable by significant terms of imprisonment ..., the length of the sentence actu-

ally imposed is purely a matter of legislative prerogative" and further, that the Court has consistently displayed a "reluctance" to review such sentencing outside the context of the death penalty. *Id.* 100 S.Ct. at 1138–39.

■ The present case is even less appealing than *Rummel*. Here, petitioner was not sentenced to life imprisonment. Moreover, the statute under which he was sentenced, 49 U.S.C. § 1472(i)(1)(A), calls for a sentence *of not less* than 20 years. Since the sentencing court has broad discretion to mete out punishment, the concurrent 50 year sentences clearly fell within the "legislative prerogative" of *Rummel*. Further, under the circumstances of this case, which are fully set forth in my opinion denying petitioner's post-trial motions (373 F.Supp. 149 (E.D.Pa.1974)), I believe that the sentence was reasonable and not an abuse of my discretion. In sum, I reject petitioner's claim that his eighth and fourteenth amendment rights under the Constitution were violated. The sentence imposed was not grossly disproportionate to the crimes for which petitioner was convicted, did not constitute cruel and unusual punishment, and the statute—49 U.S.C. § 1472(i)(1)(A)—is not unconstitutional.

■ Petitioner's next ground for relief is that I abused my discretion by not ordering a presentence report under Fed.R.Crim.P. 32(c)(1). Petitioner was sentenced on March 18, 1974. On that date, the version of Rule 32(c)(1) in effect did not require a judge to order a presentence report. The court was vested with discretion to dispense with reports in proper circumstances. *Stead v. United States*, 531 F.2d 872, 875 (8th Cir. 1976). Here, no report was ordered because prior to sentencing, I thoroughly and carefully reviewed a great portion of the trial transcript, including petitioner's testimony in full. My review of the trial transcript was made, of course, with a view toward ascertaining relevant portions of petitioner's background that would aid me in sentencing. A presentence report would not have revealed any further relevant details of petitioner's background and,

hence, was unnecessary. Moreover, I asked petitioner's counsel on the date of sentencing whether, under the circumstances, he was satisfied that I had not ordered a presentence report and he stated he was. Thus, petitioner's claim that I abused my discretion by not ordering a report is without merit.

■ Finally, petitioner argues that he was denied his sixth amendment rights under the Constitution to the effective assistance of counsel. The Third Circuit defines the standard of effectiveness as "the exercise of the customary skill and knowledge which normally prevails at the time and place." *Moore v. United States*, 432 F.2d 730, 736 (3d Cir. 1970) (en banc). To prevail on a claim of ineffective assistance of counsel, petitioner has the burden of demonstrating that "his counsel's performance fell below the *Moore* standard and resulted in prejudice to his client." *United States v. Swinehart*, 617 F.2d 336, 340 (3d Cir. 1980). Petitioner has not met his burden of proof in either regard.

■ The failure of counsel to request a presentence report was harmless because the court was apprised of and familiar with any pertinent information relating to petitioner's background. As stated above, a presentence report was simply not required under the circumstances of this case. Moreover, counsel was quick to point out, and I accepted as true, that petitioner's conduct from the time of his conviction until sentencing had been exemplary.

■ Counsel's failure to request that petitioner be sentenced under the Young Offender's Act (Act), 18 U.S.C. § 4209 (now 18 U.S.C. § 4216), was not ineffective assistance because petitioner did not meet the age requirements to be eligible for sentencing under this Act. By its terms, the Act applies only to those defendants who at the time of conviction, "[have] not attained [their] twenty-sixth birthday." Clearly, petitioner who was born on March 2, 1938, was not eligible for the benefits of the Act by virtue of his age, 36, at time of sentencing.

■ Petitioner also claims that his counsel was ineffective in allowing him to stand trial while petitioner was mentally ill and incompetent. There is no merit in this argument. Petitioner's defense was based on the theory that when he participated in the hijacking of the aircraft he lacked the substantial capacity to conform his conduct to the requirements of the law. Prior to trial, petitioner had been examined by a neurologist, two psychiatrists, and a clinical psychologist, all of whom testified in his behalf. In addition, a third psychiatrist testified from his examination of reports and from a review of the defendant's testimony. In rebuttal, the government presented a psychiatrist and a clinical psychologist who had examined the defendant just before trial started and a neurologist who had examined him during the course of trial. There was no suggestion from any expert that the defendant lacked competency to stand trial. Moreover, the defendant's wife, four of his sisters, his first cousin, three co-workers, and two friends testified in his behalf. None of them suggested that they observed anything about the defendant's conduct during the trial which was abnormal. The defendant took the stand and although he claimed not to recall any of the events concerning the hijacking, he testified about events prior to that time and after that time clearly and lucidly. His testimony took approximately 200 pages of the record. There was nothing in his appearance or in what he had to say which would suggest he was incompetent to stand trial. The test for incompetency is whether a defendant has sufficient present ability to consult with his attorney with a reasonable degree of rational understanding and whether he has a rational, as well as a factual understanding, of the proceedings against him. *United States v. Dusky*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). By this standard, or any other, defendant was competent to stand trial.

In this case the defendant was represented by an able, diligent, resourceful lawyer. He had investigated Greene's background and presented witnesses to support a diffi-

cult and complicated defense. His cross-examination was careful and effective. The defendant has no cause to complain.

Having found no basis in the claims advanced by petitioner for relief, his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 must be denied.