Donald E. UGLAND, Petitioner,

v.

UNITED STATES of America, Respondent.

Civ. A. No. 84–2223.
(Crim. A. No. 82–244).

United States District Court,
D. New Jersey.

Sept. 26, 1984.

Donald E. Ugland, pro se.

U.S. Atty. W. Hunt Dumont by Robert B. Kurzweil, Asst. U.S. Atty., Camden, N.J., for respondent.

## OPINION

GERRY, District Judge.

The petitioner is presently incarcerated at Allenwood Federal Prison Camp pursuant to his conviction before this court of unlawfully possessing controlled substances with intent to distribute in violation

of 21 U.S.C. § 841(a). The petitioner entered a guilty plea to the above charge and was sentenced in accordance with 21 U.S.C. § 841(b)(1) to four years' imprisonment to be followed by a special parole term of four years. The petitioner, arguing *pro se*, now · brings this habeas petition under 28 U.S.C. § 2255, challenging the constitutionality of the sentencing provision of 21 U.S.C. § 841(b)(1)(A).[1] Specifically, the petitioner argues that the failure of Congress to indicate a maximum penalty to which an offender is subject denied the petitioner due process of law guaranteed to him by the Fifth Amendment. Further, the petitioner contends that 841(b)(1)(A) is constitutionally infirm because the unrestricted maximum sentence delegates legislative power to the judiciary in violation of the separation of powers required by Article I, Section 1. Although other circuit courts of appeals have considered the issues raised by the petitioner, and this circuit has considered related issues, the instant case is one of first impression in the Third Circuit.

Our research has uncovered only one case that specifically supports the petitioner's claims. In *United States v. Tebha,* 578 F.Supp. 1398 (N.D.Ca.1984),[2] the Northern District of California held that the defendant, Tebha, could not be sentenced to seven years' imprisonment and a three year special parole term under 21 U.S.C. § 841(b)(1)(A) because the special parole term violated Tebha's Fifth Amendment rights. The court found the special parole term to be either meaningless or, if meaningful, to be unconstitutional. The court concluded that the statutory provi-

---

1. The challenged statute, 21 U.S.C. § 841(b)(1)(A), states:

In the case of a controlled substance in schedule I or II, which is a narcotic drug, such person shall be sentenced to a term of imprisonment of not more than 15 years, a fine of not more than $25,000, or both. If any person commits such a violation after one or more prior convictions of him for an offense punishable under this paragraph, or for a felony under any other provision of this subchapter or subchapter II of this chapter or other law of the United States relating to narcotic drugs, marihuana, or depressant or stimulant substances, have become final, such

person shall be sentenced to a term of imprisonment of not more than 30 years, a fine of not more than $50,000, or both. Any sentence imposing a term of imprisonment under this paragraph shall, in absence of such prior conviction, impose a special parole term of at least 3 years in addition to such term of imprisonment and shall, if there was such a prior conviction, impose a special parole term of at least 6 years in addition to such term of imprisonment.

2. This case is now pending before the Ninth Circuit Court of Appeals.

sion was constitutionally infirm for failing to state a fixed period of imprisonment for a violation of the special parole term or, alternatively, for failing to give the judge at any time specific authority to determine, within statutorily defined limits, the period of imprisonment for a violation of the special parole term. The court reasoned that since a prisoner cannot be held to a sanctionless obligation and since Congress indicated no sanctions, the defendant was not given due notice of the maximum penalty that could be imposed if he violated the special parole term. Finally, the court noted that since judges cannot impose any penalty they see fit without legislative guidance, the provision violated the separation of powers doctrine of Article I, Section 1 of the Constitution.[3]

The respondent in the instant petition asks this court to reject the conclusions of the *Tebha* court and adopt, instead, those of the Tenth, Fifth and Eighth Circuit Courts of Appeal. In *United States v. Jones*, 540 F.2d 465 (10th Cir.1976), and *United States v. Kuck*, 573 F.2d 25 (10th Cir.1978), the Tenth Circuit upheld the constitutional validity of 21 U.S.C. § 841(b)(1)(A). The *Jones* court held that Congress' failure to provide a maximum limit to the special parole term did not violate Article I, Section 1. Moreover, the court found that 21 U.S.C. § 841(c) clearly indicated that a violation of the special parole term mandated the imposition of a new prison term for the length of the special parole term with no credit given for time served.[4] This provision thereby eradicates any ambiguity ascribed to 21 U.S.C. § 841(b)(1)(A). The court further found that § 841(b)(1)(A) is reasonably construed to validly authorize a maximum special pa-

role term of an indefinite life sentence. It further found that the leaving of a maximum penalty for judicial determination was not uncommon. (Citations omitted.)

The Fifth Circuit Court of Appeals has also held that the special parole term enacted in 841(b)(1)(A) is not unconstitutionally vague. In *United States v. Simpson*, 481 F.2d 582 (5th Cir.1973), the court reasoned that by leaving the maximum limits of the special parole term to the discretion of the trial court, Congress implicitly recognized "the equitable and remedial considerations which go into such a sentencing process and accordingly have deferred to the expertise of the sentencing tribunal who must deal with such problems on a case by case basis." While extolling the virtues of flexible sentencing procedure, the *Simpson* court noted the inherent uncertainty in every sentence as the main plank in its conclusion that there is no constitutional requirement for prior notice of parole conditions. Moreover, the Fifth Circuit concluded that the issue of the validity of the special parole term was not ripe for adjudication while the defendant, Simpson, was still confined under the prison portion of his sentence. The Eighth Circuit concurred with the *Simpson* court in *United States v. Rich*, 518 F.2d 980 (8th Cir.1975), finding there was no fundamental unfairness or due process problem with Congress failing to specify maximum limits to penalties. *Accord, United States v. Sims*, 529 F.2d 10 (8th Cir.1976).

Turning first to the separation of powers issue, we note that normally challenges of delegated authority relate to the legislature delegating power to the executive branch of government. Here, where the

---

**3.** Article I, Section 1 of the United States Constitution states:

All legislative powers herein granted shall be vested in a Congress of the United States, which shall consist of a Senate and House of Representatives.

**4.** 21 U.S.C. § 841(c) states:

A special parole term imposed under this section or section of 845 of this title may be revoked if its terms and conditions are violated. In such circumstances, the original terms

of imprisonment shall be increased by the period of the special parole term and the resulting new term of imprisonment shall not be diminished by the time which was spent on special parole. A person whose special parole term has been revoked may be required to serve all or part of the remainder of the new term of imprisonment. A special parole term provided for in this section or section 845 of this title shall be in addition to, and not in lieu of, any other parole provided for by law.

petitioner challenges Congress' authority to delegate power to the courts, there are far fewer precedents. Chief Justice Marshall realized the significance of the issue in 1825 when he wrote in *Wayman v. Southard*, 10 Wheat 1, 42, 23 U.S. 1, 42, 6 L.Ed. 253 (1825):

It will not be contended, that Congress can delegate to the courts, or to any other tribunals, powers which are strictly and exclusively legislative. But Congress may certainly delegate to others, powers which the legislature may rightfully exercise itself .... The line has not been exactly drawn which separates those important subjects, which must be entirely regulated by the legislature itself, from those of less interest, in which a general provision may be made, and power given to those who are to act under such general provisions, to fill up the details.

Today, the petitioner asks this court to draw the line between the legislative and judicial functions of government such that Congress would be prohibited from enacting criminal laws without indicating the maximum sanction to which a violator could be exposed. For the reasons stated below, we decline to do so.

■ As a premise, it is clearly constitutional for Congress to merely set the outer limits of sanctions without mandating a precise penalty to be imposed. Thus, if § 841(b)(1)(A) imposed a special parole term of a minimum of 3 years and a maximum of a life sentence, the discretion left to the trial court to choose some sentence at one of the extremes or any point in between would be a constitutional delegation of power. This premise is supported by the policy reasons behind sentencing. Society has several goals when it imposes sanctions on individuals who violate criminal laws. These goals include punishment, retribution, deterrence and rehabilitation. Our criminal justice system has recognized that these goals cannot be reached most

effectively by uniform sentences for all offenders. Rather, trial judges with the above mentioned goals in mind tailor sentences in each case to maximize benefits to society, the victim(s) and the convict. This case by case analysis is much more in keeping with the adjudicatory process than the legislative process. Indeed, sentencing of convicts nearly always requires some exercise of judicial discretion. Accordingly, even if Congress had enacted a sanctionless criminal prohibition, that is, a prohibition containing no statement at all regarding minimum or maximum penalties, while we might be troubled by the due process problems such a provision would create, we would not find it to violate the separation of powers doctrine or to be an unconstitutional delegation of legislative power to the judicial branch of government. Therefore, § 841(b)(1)(A), which is far from a sanctionless criminal prohibition, *a fortiori*, does not violate Article I, Section 1 of the Constitution.

■ Turning to the petitioner's Fifth Amendment claims, we are asked to decide whether § 841(b)(1)(A) puts potential violators on notice that they risk a sentence of more than 3 years' special parole. We hold that the provision did give the petitioner adequate notice of the sentence he received.

In *United States v. Walden*, 578 F.2d 966 (3d Cir.1978), the Third Circuit held that § 841(b)(1)(A) authorized the imposition of a life special parole term. This interpretation of § 841(b)(1)(A) is wholly consistent with the law in other circuits. *See Jones, supra; United States v. Rivera-Marquez*, 519 F.2d 1227 (9th Cir.), *cert. denied*, 423 U.S. 949, 96 S.Ct. 369, 46 L.Ed.2d 285 (1975). Further, the *Walden* decision is consistent with the Circuit Court's other statutory interpretations. For example, in *United States v. Davis*, 710 F.2d 104 (3d Cir.1983), the court held that the Dangerous Special Offender Act, 18 U.S.C. § 3575(b),[5] was not unconstitu-

---

**5.** 18 U.S.C. § 3575(b) provides that if the district court finds that a person convicted of a felony is also a dangerous special offender, then it shall

sentence him to imprisonment "for an appropriate term not to exceed twenty-five years and not disproportionate in severity to the maximum

tional because it failed to provide a fixed maximum sentence that could be imposed on dangerous special offenders in proportion to the maximum sentence allowed for the underlying felony. *See also United States v. Greene,* 510 F.Supp. 128 (E.D.Pa. 1981) (Air Piracy Act, 49 U.S.C. § 1472(i), not unconstitutional for failure to provide a maximum penalty). *See, generally, Andreas v. Clark,* 71 F.2d 908 (9th Cir.1934) (statute prohibiting rape not unconstitutional for failure to provide a maximum sanction where the maximum penalty is fixed by a general or related statute).

This court's function in the instant review of the petitioner's sentence is to ensure that the sentence imposed is not at variance with the statutory requirements. *Ruiz v. United States,* 365 F.2d 500 (3rd Cir.1966). Section 841(b)(1)(A) mandates a special parole term of *at least* 3 years. As noted above, under § 841(b)(1)(A), we could have sentenced the petitioner to a life special parole term without violating the maximum limits fixed by Congress. *See Walden, supra.* We sentenced the petitioner to a 4 year special parole term, which is clearly within the life limit interpreted by the *Walden* court. Moreover, common sense suggests that a perpetrator of a crime who is presumed to have notice that he could receive *at least* 3 years of special parole is not unfairly surprised when he is sentenced to a 4 year special parole term. For these reasons, we find that the petitioner's Fifth Amendment right of due process was not violated, and that his sentence was one reasonably contemplated by Congress when they enacted § 841(b)(1)(A).[6] The accompanying order will be entered.

term otherwise authorized by law for the [underlying] felony."

**6.** Our holding today does not reach the issue of whether the petitioner, understanding the full consequences of his decision, voluntarily and knowledgeably entered a guilty plea. *See Roberts v. United States,* 491 F.2d 1236 (3rd Cir. 1974); *Kelsey v. United States,* 484 F.2d 1198

(3rd Cir.1973); *Horsley v. United States,* 583 F.2d 670 (3rd Cir.1978); *Moore v. United States,* 402 F.Supp. 1244 (D.N.J.1975); *Moore v. United States,* 592 F.2d 753 (4th Cir.1979). Since the petitioner made no claim in this regard, we need not consider this possibly complex issue of law.