**UNITED STATES of America, Appellee,**

v.

**Sherman R. MEIROVITZ, Appellant.**

No. 84–5144.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 1, 1984.

Decided Nov. 2, 1984.

Reconsideration Denied Dec. 3, 1984.

Sherman R. Meirovitz, pro se.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and FAGG, Circuit Judge.

PER CURIAM.

Sherman R. Meirovitz appeals from the denial of his motion to correct an illegal sentence under Fed.R.Crim.P. 35(a). Meirovitz argues that the special parole provision of 21 U.S.C. § 841(b)(1)(A) is unconstitutional. We affirm.

Meirovitz pleaded guilty to a charge of possession with intent to distribute cocaine. He was sentenced to four years in prison followed by a special parole term of four years.

Meirovitz argues that the special parole provision of 21 U.S.C. § 841(b)(1)(A) is vague, ambiguous, and a violation of due process.[1] Specifically, he argues that the statute is unconstitutional because it fails to state a fixed period of imprisonment for

---

**1.** 21 U.S.C. § 841(b)(1)(A) provides in part that "[a]ny sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a special parole term of at least 3 years in addition to such term of imprisonment ...."

21 U.S.C. § 841(c) states that if the special parole term is violated "the original term of imprisonment shall be increased by the period of the special parole term and the resulting new term of imprisonment shall not be diminished by the time which was spent on special parole."

Thisissue

violation of the special parole. A potential special parolee has no notice of the precise maximum penalty to which he may be subjected if he disobeys the special parole order.

This issue was decided in *United States v. Sims*, 529 F.2d 10 (8th Cir.1976). In *Sims* the defendant argued that 21 U.S.C. § 841(b)(1)(A) is unconstitutional because the statute does not delineate the maximum limit of the special parole term. This Court stated: "[w]e read the special parole statute in question as providing a maximum term of parole of life. Due process is not violated by failure of a sentencing statute to specify the maximum sentence of imprisonment or parole." *Id.* at 12, quoting *United States v. Rich*, 518 F.2d 980, 987 (8th Cir.1975), *cert. denied*, 427 U.S. 907, 96 S.Ct. 3193, 49 L.Ed.2d 1200 (1976).

We affirm.