**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert BRIDGES, Defendant-Appellant.**

**No. 83–1012.**

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 9, 1984.

Decided April 19, 1985.

As Amended April 30, 1985.

Mitchell A. Mars, Sp. Atty., Dept. of Justice, Chicago, Ill., for plaintiff-appellee.

Jerry B. Kurz, Hall & Kurz, Chicago, Ill., for defendant-appellant.

Before CUDAHY, POSNER and FLAUM, Circuit Judges.

FLAUM, Circuit Judge.

Robert Bridges was indicted for and, in November 1982, pleaded guilty to one count of conspiring to distribute cocaine in violation of 21 U.S.C. § 846 and one count of unlawful distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Bridges to twelve years imprisonment and a lifetime special parole term on the distribution count. On the conspiracy count, sentence was suspended in favor of five years probation, to run consecutively to the prison sentence.[1] Bridges appeals, arguing that the special parole term is unconstitutional and that his plea was not knowingly and voluntarily made.[2] We affirm.

The Comprehensive Drug Abuse Prevention and Control Act of 1970 declares cocaine to be a Schedule II controlled substance. 21 U.S.C. § 812(c), Sch. II(a)(4).

---

1. At defendant's request, the court recommended incarceration in a correctional facility with an intensive drug abuse program. The probation was conditioned on defendant's payment of a $1,000 fine and participation in a drug abuse aftercare program.

2. In his initial brief, Bridges also argued that the consecutive sentences for both conspiracy and the underlying offense violated the fifth amendment prohibition against multiple punishment. This argument was expressly waived, however, at oral argument, and we therefore do not consider it.

Section 841(b)(1)(A) provides that a first offense violation [3] relating to a Schedule II controlled substance subjects the offender to imprisonment of not more than 15 years, a fine of not more than $25,000, or both, and that a sentence imposing a prison term also "shall, ... impose a special parole term *of at least 3 years* in addition to such terms of imprisonment...." (Emphasis added). Bridges argues that this provision violates the due process clause of the fifth amendment and Art. I, § 1 of the Constitution (separation of powers) because it fails to specify, and thus leaves wholly to judicial discretion, the maximum parole term which may be imposed.

While section 841(b)(1)(A) does not expressly specify the maximum parole term, other courts of appeal have uniformly held, and we are in accord, that it can only be read as authorizing a lifetime maximum parole term. *United States v. Yates,* 753 F.2d 70 (8th Cir.1985); *United States v. Walden,* 578 F.2d 966 (3d Cir.1978), *cert. denied,* 444 U.S. 849, 100 S.Ct. 99, 62 L.Ed.2d 64 (1979); *United States v. Jones,* 540 F.2d 465 (10th Cir.1976), *cert. denied,* 429 U.S. 1101, 97 S.Ct. 1125, 51 L.Ed.2d 551 (1977); *United States v. Rivera-Marquez,* 519 F.2d 1227 (9th Cir.), *cert. denied,* 423 U.S. 949, 96 S.Ct. 369, 46 L.Ed.2d 285 (1975). *See also United States v. Kuck,* 573 F.2d 25 (10th Cir.1978) (same for § 841(b)(1)(B)); *United States v. Rich,* 518 F.2d 980 (8th Cir.1975), *cert. denied,* 427 U.S. 907, 96 S.Ct. 3193, 49 L.Ed.2d 1200 (1976) (same). It is well established that a sentencing statute is not unconstitutional because it fails to specify the maximum sentence. *See, e.g., Earin v. Beto,* 453 F.2d 376 (5th Cir.), *cert. denied,* 406 U.S. 909, 92 S.Ct. 1618, 31 L.Ed.2d 819 (1972);

*Binkley v. Hunter,* 170 F.2d 848 (10th Cir. 1948), *cert. denied,* 336 U.S. 926, 69 S.Ct. 645, 93 L.Ed. 1087 (1949); *Bates v. Johnston,* 111 F.2d 966 (9th Cir.), *cert. denied,* 311 U.S. 646, 61 S.Ct. 17, 85 L.Ed. 412 (1940); *Bailey v. United States,* 74 F.2d 451 (10th Cir.1934). Thus, we are also in accord with the cases holding that the omission of an explicit maximum special parole term in section 841(b)(1) does not render the provision unconstitutional. *United States v. Kuck,* 573 F.2d at 26–27; *United States v. Jones,* 540 F.2d at 468; *United States v. Sims,* 529 F.2d 10, 12 (8th Cir.1976); *United States v. Rich,* 518 F.2d at 987; *United States v. Martinez,* 481 F.2d 214, 221 (5th Cir.1973); *United States v. Simpson,* 481 F.2d 582 (5th Cir.), *cert. denied,* 414 U.S. 1095, 94 S.Ct. 728, 38 L.Ed.2d 553 (1973).

Bridges also argues that the statute is unconstitutional because it fails to specify the maximum penalty for a parole violation during the special parole term. Here, Bridges relies on *United States v. Tebha,* 578 F.Supp. 1398 (N.D.Cal.1984) *appeal docketed,* No. 84–1126 (9th Cir. May 3, 1984). In *Tebha,* the district court held the statute violates due process and the separation of powers principle because it fails to specify the maximum penalty for a parole violation. In fact, however, 21 U.S.C. § 841(c), which the *Tebha* court fails to address, provides that a parole violation may subject the offender to parole revocation and reimprisonment for the entirety of the special parole term, without credit for any time already spent on parole.[4] Indeed, three recent district court opinions reject *Tebha* on precisely this ground. *United States v. Hollins,* 599 F.Supp. 311 (D.D.C. 1984); *United States v. Lockley,* 590 F.Supp. 1215 (N.D.Ga.1984); *United States*

---

**3.** Although Bridges had several previous convictions for drug-related offenses, the government, for reasons not of record, did not seek to have Bridges sentenced as a repeat offender.

**4.** Section 841(c) provides in relevant part:

(c) A special parole term imposed under this section ... may be revoked if its terms and conditions are violated. In such circumstances the original term of imprisonment shall be increased by the period of the special

parole term and the resulting new term of imprisonment shall not be diminished by the time which was spent on special parole. A person whose special parole term has been revoked may be required to serve all or part of the remainder of the new term of imprisonment. A special parole term provided for in this section ... shall be in addition to, and not in lieu of, any other parole provided for by law.

*v. Davi*, 588 F.Supp. 91 (E.D.N.Y.1984). *See also United States v. Hernandez*, 750 F.2d 1256 (5th Cir.1985); *Ugland v. United States*, 596 F.Supp. 156 (D.N.J.1984). Since the maximum penalty is thus imprisonment for the special parole period, Bridges's argument concerning the statute's failure to specify a maximum penalty appears to collapse into his first argument, already rejected, that the statute's failure to specify a maximum parole term renders it unconstitutional. *See United States v. Meirovitz*, 747 F.2d 488 (8th Cir.1984). In any event, Bridges is not near to commencing his parole term, and issues concerning the consequences of a parole violation that may never occur are not now ripe for decision. *United States v. Hernandez*, 750 F.2d at 1260; *United States v. Walden*, 578 F.2d at 972; *United States v. Kuck*, 573 F.2d at 28; *United States v. Rea*, 532 F.2d 147, 149 (9th Cir.), *cert. denied*, 429 U.S. 837, 97 S.Ct. 107, 50 L.Ed.2d 104 (1976); *United States v. Rivera-Marquez*, 519 F.2d at 1229.

■ Shortly before oral argument, Bridges moved to substitute newly retained counsel for court-appointed counsel and to defer the argument. This request was denied, but retained counsel was permitted to appear at the argument and to file a supplemental brief. The supplemental brief makes two arguments not covered by the primary brief: (1) that the special parole term is unconstitutional because the statute fails to detail the conditions of parole or the procedures for parole revocation and (2) that a lifetime parole term is cruel and unusual punishment in violation of the eighth amendment. Both arguments are without merit. There is no right to know the conditions of parole at the time of sentencing, *United States v. Kuck*, 573 F.2d at 28; *United States v. Rich*, 518 F.2d at 986; *United States v. Simpson*, 481 F.2d at 585. Nor is there any basis for assuming that defendant will be denied due

process if and when he is charged with a parole violation. Clearly, sections 841(b)(1)(A) and (c) are not unconstitutional because procedures for parole revocation are not included; such procedures are provided for elsewhere. *See* 18 U.S.C. §§ 4213–4215; 28 C.F.R. §§ 2.44–2.52, 2.57(c).[5] The imposition of a lifetime parole term is neither tantamount to a sentence of life imprisonment nor *per se* cruel and unusual punishment. *United States v. Compton*, 704 F.2d 739, 742 (5th Cir.1983); *United States v. Walden*, 578 F.2d at 972; *United States v. Rea*, 532 F.2d at 149. Any imprisonment that might result from parole revocation some time in the future is, as stated above, only speculative at this point and does not present an appropriate question for decision. *United States v. Walden*, 578 F.2d at 972; *United States v. Rea*, 532 F.2d at 149.

■ Finally, Bridges asks us to find his plea involuntary on the ground that the district court inadequately explained the special parole term. Rule 11(c)(1), Fed.R. Crim.P., requires in pertinent part that the district court inform the defendant of and "determine that he understands ... the maximum possible penalty provided by law, including the effect of any special parole term ...." A special parole term is "special"—that is, different from "ordinary" parole—in three significant respects: (1) it is a statutorily mandated parole term imposed at sentencing; (2) it follows the completion of the primary sentence, including any ordinary parole; and (3) its violation subjects the offender to possible reincarceration for the entirety of the designated special parole term. Thus, it is widely accepted that a defendant should be told of these distinguishing characteristics, as well as of the mandatory minimum and possible maximum parole terms. *See* Fed.R.Crim.P. 11(c)(1), Advisory Committee Note. Here, the district judge followed the model set out in the Advisory Committee Note,

5. Much of the supplemental brief is devoted to a series of questions concerning the operation of special parole. Counsel poses these questions, presumably rhetorically, to support his argument that the statute is unconstitutionally vague. While we hold the challenge to be premature, we note that most, if not all, the questions are addressed at 18 U.S.C. § 4201 et seq., 28 C.F.R. § 2.1 et seq., and the United States Parole Commission's *Rules and Procedures Manual* (October 1, 1984).

adopted from *United States v. Moore*, 592 F.2d 753 (4th Cir.1979), and cautioned Bridges as follows:

> And the special parole term, Mr. Bridges, you should understand, I mean, you should understand some of the provisions about that and I [am] sure that your attorney can give you any additional information that you may request.
>
> Now, you understand that a special parole term will be added to any prison sentence that you may receive; that the minimum length of the special parole term that must be imposed is three years, as has been indicated, and there is—there is no maximum and so, in effect, it extends to life; that special parole is entirely different from and in addition to ordinary parole, and that if your special parole is violated you can be returned to prison for the remainder of your sentence and the full length of your special parole term. Do you understand that?

Bridges acknowledged that he understood. We find that an adequate cautioning of the defendant occurred.

AFFIRMED.