914 F.2d 249
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee
v.
Ronald Burnell BASSETT, a/k/a Ronnie Bump, a/k/a The Kid,
a/k/a Zachary Jackson, a/k/a Ronald Jackson, a/k/a Beamon
Jackson, a/k/a Ronald Jones, a/k/a R.F. Jones, a/k/a Beamon
West, a/k/a Harry VanDyke, a/k/a The Bird, Defendant-Appellant.
 No. 89-6884.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 13, 1990.
Decided Sept. 10, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CR No. 85-541-S)
 Ronald Burnell Bassett, appellant pro se.
 Catherine Curtis Blake, Office of the United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before PHILLIPS and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Ronald Burnell Bassett pled guilty, pursuant to a plea agreement, to possession with intent to distribute heroin (on or about September 1985) in violation of 21 U.S.C. Sec. 841(a)(1). The court imposed a five-year term of imprisonment and a special parole term of seven years.[1] Bassett did not appeal the conviction or sentence. In his Fed.R.Crim.P. 35(a) motion to correct an illegal sentence Bassett alleged that the special parole term was not authorized by the statute, was an unconstitutional delegation of powers by the Congress, and was a violation of due process. The district court concluded that the special parole provisions were not unconstitutional, either on their face or as applied, and that Bassett was sentenced under Sec. 841(b)(1)(B), which required a special parole term. The court denied the motion without ordering a response from the government. We find no error and affirm.
 
 
 2
 Bassett's constitutional challenge to the special parole term must fail. Every Circuit Court of Appeals that has considered these, or similar, constitutional challenges to the special parole terms has concluded that the special parole terms are constitutional. See, e.g., United States v. Carcaise, 763 F.2d 1328 (11th Cir.1985) (rejecting constitutional challenge on separation of powers and due process grounds).[2] Bassett has alleged nothing in his Rule 35 motion or in this appeal requiring a different conclusion on this constitutional question.
 
 
 3
 Bassett also contends that his sentence should have been under Sec. 841(b)(1)(A), which did not authorize a special parole term, instead of (b)(1)(B), and that the authority for imposing a special parole term had been repealed prior to the commission of his offense. These contentions are also without merit. The record reveals that Bassett's guilty plea to the Sec. 841 offense was the result of a negotiated plea agreement. It is clear from the terms of the agreement, as explained to Bassett in detail by the court prior to acceptance of the plea, that Bassett was pleading to a Sec. (b)(1)(B) offense. Bassett did not challenge the propriety of the Sec. (b)(1)(B) penalties either at the guilty plea hearing or at sentencing, despite repeated references by the court and counsel that the penalty included a special parole term. We find no reason, in this negotiated plea context, to question the legality of the Sec. (b)(1)(B) sentence.
 
 
 4
 Finally, Sec. 841(b)(1)(B), as that statute was in effect at the time Bassett committed the offense (September 1985), authorized a special parole term. The amendments made by section 224 of the Comprehensive Crime Control Act of 1984, repealing the authority for imposing special parole terms under Sec. 841(b)(1)(B), did not take effect until November 1, 1987. See Comprehensive Crime Control Act of 1984, Pub.L. No. 98-473, Secs. 224, 235, 1984 U.S.Code Cong. & Admin.News, 98 Stat. 1837, 2030, 2031; Sentencing Reform Amendments Act of 1985, Pub.L. No. 99-217, Sec. 4, 99 Stat. 1728 (1985) (extending effective date until November 1, 1987).
 
 
 5
 Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 Bassett also pled guilty to maintaining a continuing criminal enterprise in violation of 21 U.S.C. Sec. 848 and received a consecutive sentence. Bassett did not challenge the Sec. 848 conviction or sentence in the Rule 35 proceeding
 
 
 [2]
 See also United States v. Butler, 763 F.2d 11 (1st Cir.1985); Walberg v. United States, 763 F.2d 143 (2d Cir.1985); United States v. Walden, 578 F.2d 966 (3d Cir.1978), cert. denied, 444 U.S. 849 (1979); United States v. Hernandez, 750 F.2d 1256 (5th Cir.1985); United States v. Simpson, 481 F.2d 582 (5th Cir.), cert. denied, 414 U.S. 1095 (1973); United States v. Bridges, 760 F.2d 151 (7th Cir.1985); Yates v. United States, 753 F.2d 70 (8th Cir.), cert. denied, 471 U.S. 1022 (1985); United States v. Arellanes, 767 F.2d 1353 (9th Cir.1985); United States v. Jones, 540 F.2d 465 (10th Cir.1976), cert. denied, 429 U.S. 1101 (1977); Garcia v. United States, 769 F.2d 697 (11th Cir.1985)