# IN THE SUPREME COURT OF IOWA

No. 08–0805

Filed January 8, 2010

**STATE OF IOWA,**

> Appellee,

vs.

**SCHUYLER COLE TRIPP,**

> Appellant.

---

Appeal from the Iowa District Court for Wapello County, Annette J. Scieszinski, Judge.

Defendant appeals the portion of his sentence imposed pursuant to Iowa Code section 903B.1, following his guilty plea to sexual abuse in the third degree in violation of Iowa Code section 709.4(2)(*c*)(4) (2007). **AFFIRMED.**

Victoria R. Siegel, Ottumwa, for appellant.

Thomas J. Miller, Attorney General, Elisabeth S. Reynoldson, Assistant Attorney General, Richard Scott, County Attorney, and Allan Cook and Lisa Holl, Assistant County Attorneys, for appellee.

**BAKER, Justice**.

The defendant, Schuyler Cole Tripp, appeals following his guilty plea to sexual abuse in the third degree in violation of Iowa Code section 709.4(2)(*c*)(4) (2007). He appeals specifically from that portion of his sentence imposed pursuant to Iowa Code section 903B.1, committing him to the Director of the Iowa Department of Corrections for a term of life, with supervision as if on parole. Defendant alleges that, as applied to third-degree sexual assault under Iowa law, this special sentence constitutes cruel and unusual punishment in violation of the prohibitions contained in the United States and Iowa Constitutions, and because his trial counsel failed to raise this constitutional claim in the trial proceedings, he was denied effective assistance of counsel. We hold this challenge to the special sentence provisions under Iowa Code section 903B.1, as applied to third-degree sexual assault under Iowa Code section 709.4(2)(*c*)(4), is not ripe for adjudication.

## I. Background Facts and Proceedings.

On July 19, 2007, Tripp was charged by trial information with sexual abuse in the third degree in violation of Iowa Code section 709.4(2)(*c*)(4), for performing a sex act with a person fifteen years of age. At the time, Tripp was twenty years old, there was more than a four-year age difference between himself and the victim, and they were not cohabiting as husband and wife.

Tripp pled guilty and was sentenced to an indeterminate term of incarceration not to exceed ten years. Tripp's incarceration was suspended, and he was placed on supervised probation for a period of five years. Tripp was required to pay a fine and had to register on the Iowa sex offender registry. Additionally, because Tripp was convicted of a

sexual offense, the court imposed the special sentence under Iowa Code section 903B.1 providing for the imposition of lifetime parole.

Tripp did not file a motion in arrest of judgment. Tripp filed a notice of appeal.

## II.  Scope of Review.

The court reviews challenges to the constitutionality of a statute de novo. *State v. Keene*, 629 N.W.2d 360, 363 (Iowa 2001). " '[S]tatutes are cloaked with a presumption of constitutionality. The challenger bears a heavy burden, because it must prove the unconstitutionality beyond a reasonable doubt.' " *State v. Seering*, 701 N.W.2d 655, 661 (Iowa 2005) (quoting *State v. Hernandez-Lopez*, 639 N.W.2d 226, 233 (Iowa 2002)).

## III.  Error Preservation.

Because Tripp alleges that the sentence is inherently illegal, we may address it directly and not under the guise of ineffective assistance of counsel. *State v. Bruegger*, 773 N.W.2d 862, 869 (Iowa 2009).

## IV.  Discussion and Analysis.

Tripp pled guilty to third-degree sexual abuse. A person is guilty of sexual abuse in the third degree when the person performs a sex act with another individual under fourteen or fifteen years of age, the person is four or more years older than the other individual, and the individuals are not cohabitating as husband and wife at the time of the act. *See* Iowa Code § 709.4(2)(*c*)(4).

Third-degree sexual abuse is a class "C" felony and is punishable by up to ten years in prison. Iowa Code §§ 709.4, 902.9. For committing sexual abuse in the third degree, Tripp was sentenced to five years of supervised probation. He was also required to pay a fine and register as a sex offender in the state of Iowa. Finally, the court imposed the special

sentence under Iowa Code section 903B.1. This special sentence provides:

> A person convicted of a class "C" felony or greater offense under chapter 709 . . . shall also be sentenced, in addition to any other punishment provided by law, to a special sentence committing the person into the custody of the director of the Iowa department of corrections for the rest of the person's life, with eligibility for parole as provided in chapter 906. The special sentence imposed under this section shall commence upon completion of the sentence imposed under any applicable criminal sentencing provisions for the underlying criminal offense and the person shall begin the sentence under supervision as if on parole. . . . The revocation of release shall not be for a period greater than two years upon any first revocation, and five years upon any second or subsequent revocation.

*Id.* § 903B.1.

Tripp alleges that the imposition of a lifetime parole sentence for the crime of third-degree sexual abuse constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution, and article I, section 17 of the Iowa Constitution.

As a preliminary matter, we must determine if this issue is ripe for our determination. *State v. Wade*, 757 N.W.2d 618, 626–27 (Iowa 2008). Tripp has not served any time in prison. His sentence was suspended, and he is currently on probation. Under Iowa Code section 903B.1, the statute commits an offender into the custody of the department of corrections where "the person shall begin the sentence under supervision as if on parole." The type of punishment imposed is parole. Parole is a lenient form of punishment that monitors a person's activities to ensure the person is complying with the law. *See* Iowa Code § 906.4. The imposition of lifetime parole is not tantamount to a sentence of life imprisonment. *See United States v. Bridges*, 760 F.2d 151, 154 (7th Cir. 1985); *United States v. Walden*, 578 F.2d 966, 972 (3d Cir. 1978).

Tripp is not currently on parole, but rather is on probation. We do not know the terms of his parole and the extent to which those terms may be onerous. Although standard parole terms exist, any or even all of those terms may be deleted. Iowa Admin. Code r. 201–45.2. Further, the extent of any additional punishment for a violation of the conditions of parole, if any, is speculative and will only be realized if Tripp violates the terms of his parole (a state of facts which has not occurred). *Walden*, 578 F.2d at 972; *see also United States v. Rea*, 532 F.2d 147, 149 (9th Cir. 1976).

It is also significant that the special sentence is not necessarily for life. Section 903B.1 provides for the possibility of release from parole under chapter 906 if the parole board determines that the offender is "able and willing to fulfill the obligations of a law-abiding citizen without further supervision." Iowa Code § 906.15 ("If a person has been sentenced to a special sentence under section 903B.1 or 903B.2, the person may be discharged early from the sentence in the same manner as any other person on parole.").

To analyze the sentence at this time we must assume Tripp will serve lifetime parole, when in reality Tripp may be released from parole at any time. We would also be analyzing the sentence without the benefit of any conditions that may be placed on him in the future. Both issues involve administrative decisions that have yet to be made. Because of the foregoing, we do not believe this case is ripe for review. A case is ripe for adjudication when it presents an actual, present controversy, as opposed to one that is merely hypothetical or speculative. *Wade*, 757 N.W.2d at 626–27. The ripeness doctrine is intended

> "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative

decision has been formalized and its effects felt in a concrete way by the challenging parties."

*State v. Iowa Dist. Ct.*, 616 N.W.2d 575, 578 (Iowa 2000) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148–49, 87 S. Ct. 1507, 1515, 18 L. Ed. 2d 681, 691 (1967), *overruled on other grounds by Califano v. Sanders*, 430 U.S. 99, 105, 97 S. Ct. 980, 984, 51 L. Ed. 2d 192, 199 (1977)). In a similar case, the Nebraska Supreme Court held that "any claim [the defendant] may have concerning the constitutional implications of [lifetime community supervision] should be raised if and when he becomes subject to its provisions, but not on a direct appeal from his underlying sexual assault conviction." *State v. Schreiner*, 754 N.W.2d 742, 765 (Neb. 2008). Thus, until the length of his parole and the extent of his supervision are determined, Tripp's challenge is not ripe. *State v. Bullock*, 638 N.W.2d 728, 735 (Iowa 2002).

**V. Disposition.**

We hold that, on this record, the issue of whether the imposition of a lifetime parole sentence to the crime of third-degree sexual abuse constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution and article I, section 17 of the Iowa Constitution is not ripe for adjudication.

**AFFIRMED.**

All justices concur except Streit, J., who takes no part.