# IN THE COURT OF APPEALS OF IOWA

No. 3-1105 / 13-0460
Filed February 5, 2014


**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**GUNNER WAYNE MCCURDY,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Cherokee County, Carl J. Petersen, Judge.


        Gunner McCurdy appeals the special sentence imposed pursuant to Iowa Code section 903B.1 (2011) subjecting him to lifetime supervision. **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Bridget A. Chambers, Assistant Attorney General, and Ryan Kolpin, County Attorney, for appellee.


        Heard by Vogel, P.J., and Tabor and McDonald, JJ.

**VOGEL, P.J.**

Gunner McCurdy appeals the special sentence imposed pursuant to Iowa Code section 903B.1 (2011) subjecting him to lifetime supervision as if on parole, claiming it violates the United States and Iowa Constitutions' prohibition against cruel and unusual punishment. Because we conclude the special sentence does not constitute cruel and unusual punishment under either the Eighth Amendment of the United States Constitution or article I, section 17 of the Iowa Constitution, we affirm McCurdy's sentence.

**I. Factual and Procedural Background**

On June 1, 2011, McCurdy met K.M. at a teen dance. They became boyfriend and girlfriend. A few days later, they engaged in sexual intercourse, to which K.M. verbally consented. At the time, K.M. was fifteen and McCurdy was twenty years old.

The relationship lasted approximately three days. The next week, McCurdy reported to the police he had seen K.M. shoplifting. The police interviewed K.M. She denied the shoplifting but told officers she engaged in consensual sexual intercourse with McCurdy and that she did not think it was illegal to have done so. Her written statement of the events of that night concluded: "We were happy. And we both consented."

The State charged McCurdy by trial information with one count of third degree sexual abuse in violation of Iowa Code sections 709.1 and 709.4(2)(c)(4), which, as relevant to this appeal, carries a penalty under section 903B.1. On February 18, 2013, McCurdy pled guilty to the charge, and the district court sentenced McCurdy to an indeterminate term up to ten years, suspended, and

placed McCurdy on probation for five years. As required by section 903B.1, the court imposed a special sentence placing McCurdy under the supervision of the department of corrections as if he were on parole for the rest of his life. McCurdy appeals the special sentence, asserting that, as applied to the specific facts of his case, the sentence constitutes cruel and unusual punishment in violation of article I, section 17 of the Iowa Constitution and the Eighth Amendment of the United States Constitution.

## II. Standard of Review

We review constitutional challenges to an allegedly illegal sentence de novo. *State v. Ragland*, 836 N.W.2d 107, 113 (Iowa 2013). "Statutes are cloaked with a presumption of constitutionality. The challenger bears a heavy burden, because it must prove the unconstitutionality beyond a reasonable doubt." *State v. Tripp*, 776 N.W.2d 855, 857 (Iowa 2010).

## III. Whether the Special Sentence Constitutes Cruel and Unusual Punishment

McCurdy challenges the special sentence imposed pursuant to Iowa Code section 903B.1, claiming it is grossly disproportional to his crime.[1] In evaluating whether a sentence is cruel and unusual, the United States Supreme Court has developed a three-part test. The threshold inquiry is whether the severity of the sentence is grossly disproportional to the gravity of the crime. *Solem v. Helm*, 463 U.S. 277, 291–92 (1983); *State v. Oliver*, 812 N.W.2d 636, 649 (Iowa 2012). If the threshold inquiry is satisfied, we then proceed to an intrajurisdictional

---

[1] McCurdy is making an as-applied cruel and unusual challenge to his sentence, which can be done under both the Iowa and United States Constitutions. *See State v. Oliver*, 812 N.W.2d 636, 648–49 (Iowa 2012).

analysis "comparing the challenged sentence to sentences for other crimes within the jurisdiction." *State v. Bruegger*, 773 N.W.2d 862, 873 (Iowa 2009). The third step is then an interjurisdictional analysis, in which we compare sentences in other jurisdictions to the same or similar crimes. *Id.* Though the cruel and unusual punishment review is more stringent under the Iowa Constitution, the same analysis applies. *Oliver*, 812 N.W.2d at 649.

If the challenged sentence does not create an inference that it is grossly disproportionate, then no further inquiry is necessary. *Id.* Thus, we must first consider whether McCurdy's mandatory sentence under section 903B.1 is grossly disproportionate to his crime of third-degree sexual abuse. In doing so, "we owe substantial deference to the penalties the legislature has established for various crimes." *Id.* We do so because "[l]egislative judgments are generally regarded as the most reliable objective indicators of community standards for purposes of determining whether a punishment is cruel and unusual." *Bruegger*, 773 N.W.2d at 873. Furthermore, "it is rare that a sentence will be so grossly disproportionate to the crime as to satisfy the threshold inquiry and warrant further review." *Oliver*, 812 N.W.2d at 650. However, unique features of a case may "converge to generate a high risk of potential gross disproportionality." *Id.*

Here, McCurdy engaged in sexual intercourse with a fifteen-year-old girl when he was twenty, thereby committing sexual abuse in the third degree. McCurdy was then sentenced under Iowa Code section 903B.1 to the supervision of the department of corrections for the rest of his life, though he may be discharged if the parole board so chooses. Specifically, section 903B.1 states:

> A person convicted of a class "C" felony or greater offense under chapter 709, or a class "C" felony under section 728.12, shall also be sentenced, in addition to any other punishment provided by law, to a special sentence committing the person into the custody of the director of the Iowa department of corrections for the rest of the person's life, with eligibility for parole as provided in chapter 906. The board of parole shall determine whether the person should be released on parole or placed in a work release program. The special sentence imposed under this section shall commence upon completion of the sentence imposed under any applicable criminal sentencing provisions for the underlying criminal offense and the person shall begin the sentence under supervision as if on parole or work release. The person shall be placed on the corrections continuum in chapter 901B, and the terms and conditions of the special sentence, including violations, shall be subject to the same set of procedures set out in chapters 901B, 905, 906, and chapter 908, and rules adopted under those chapters for persons on parole or work release. The revocation of release shall not be for a period greater than two years upon any first revocation, and five years upon any second or subsequent revocation.

Iowa Code § 903B.1.

McCurdy characterizes his relationship with K.M. as a "Romeo and Juliet" type of relationship, even though this "Romeo and Juliet" relationship only spanned a period of three days. Nonetheless, McCurdy asserts the consensual nature of the act renders his conduct undeserving of the mandatory special sentence. McCurdy contends his "relative youth," with "lower impulse control and logical reasoning," should minimize his culpability and allow him to escape the imposition of this special sentencing.

This assertion is unpersuasive, as it fails to consider the other side of that position—the relative youth of the victim. Our legislature has chosen to protect the public from various forms and degrees of sexual offenses through this special sentence. As the Kansas supreme court has found, this protection is not just for physical but also psychological harm. *See State v. Mossman*, 281 P.3d 153, 160

(Kan. 2012) ("An adult, such as Mossman, who comes in contact with a minor, even a seemingly mature minor, is expected to protect the child from the child's poor judgment, not take advantage of that poor judgment."). Though in this case the age difference between McCurdy and the victim is smaller than in other instances of statutory rape, it is nonetheless a serious crime that should not be trivialized. Our legislature has implemented this statutory scheme to protect victims like K.M. from defendants like McCurdy, who are significantly older and more experienced, and also to protect the public so McCurdy cannot continue to perpetrate these crimes.

Additionally, the special sentence imposed subjects McCurdy to the supervision of the department of corrections, as if on parole, for the rest of his life, and the board of parole may discharge the supervision. *See* Iowa Code §§ 903B.1, 906.15. Thus, if McCurdy avoids similar conduct and otherwise complies with the terms of his parole, he may avoid lifetime supervision by the department of corrections. Furthermore, "[p]arole is a lenient form of punishment that monitors a person's activities to ensure the person is complying with the law. The imposition of lifetime parole is not tantamount to a sentence of life imprisonment." *Tripp*, 776 N.W.2d at 858. Given this appropriate sentence, it does not satisfy the threshold inquiry of whether the punishment is cruel and unusual, and we need not reach the other two prongs of the *Solem* test. Therefore, this minimally restrictive punishment, imposed after McCurdy statutorily raped a fifteen-year-old girl, does not violate either the United States Constitution or the Iowa Constitution.

For these reasons, McCurdy's special sentence imposed pursuant to Iowa Code section 903B.1 is not cruel and unusual, and we affirm the district court.

**AFFIRMED.**