# IN THE COURT OF APPEALS OF IOWA

No. 13-1548
Filed July 30, 2014

**DOUGLAS MOORE,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Lee (North) County, John G. Linn, Judge.

Douglas Moore appeals from the district court ruling that his claim of an illegal sentence was not ripe. **AFFIRMED.**

Jeffrey M. Lipman of Lipman Law Firm, P.C., Clive, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, Michael Short, County Attorney, and Artemio M. Santiago, Assistant County Attorney, for appellee State.

Considered by Danilson, C.J., and Potterfield and McDonald, JJ.

**DANILSON, C.J.**

Douglas Moore appeals the district court's dismissal of his application for postconviction relief under the ripeness doctrine. The district court did not error in finding the controversy not ripe. We affirm.

## I. Background Facts and Proceedings.

Douglas Moore was convicted of attempted murder. In 2000, he was sentenced to a twenty-five-year prison term, with a statutory minimum of eighty-five percent pursuant to Iowa Code section 902.12 (1999). On July 1, 2003, his sentence was amended after a change in section 902.12 changed the mandatory minimum to seventy percent of his sentence. *See* 2003 Iowa Acts ch. 156, § 11. On August 25, 2009, the Iowa Department of Corrections (IDOC) applied section 905.11[1] to Moore, which would require him to reside in an IDOC-operated residential facility for a minimum of one year upon release on parole or work release.

On September 10, 2012, Moore filed an application for postconviction relief alleging IDOC's application of section 905.11 to him violates the constitutional prohibition of ex post facto law application and that forcing him to live and work in Iowa after his release is cruel and unusual punishment. The matter came before the district court on July 12, 2013. The district court ruled that because Moore's parole is an administrative decision that has not yet been made, it is not ripe for review.

Moore now appeals, contending his sentence is unconstitutional and the question is ripe for adjudication.

---

[1] This section was also added in 2003. *See* 2003 Iowa Acts ch. 156, § 15.

**II. Standard of Review.**

Challenges to the constitutionality of a sentence are reviewed de novo. *State v. Tripp*, 776 N.W.2d 855, 859 (Iowa 2010).

**III. Discussion.**

"A case is ripe for adjudication when it presents an actual, present controversy, as opposed to one that is merely hypothetical or speculative." *State v. Iowa Dist. Ct.*, 616 N.W.2d 575, 578 (Iowa 2000). The basic purpose for the ripeness doctrine is to "prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Abbott Lab. v. Gardner*, 387 U.S. 136, 148–49 (1967).

In *Tripp*, 776 N.W.2d at 858, the defendant asserted imposition of a lifetime parole for third-degree sexual abuse constituted cruel and unusual punishment. The supreme court determined the issue was not ripe for determination, observing:

> Tripp is not currently on parole, but rather is on probation. We do not know the terms of his parole and the extent to which those terms may be onerous. Although standard parole terms exist, any or even all of those terms may be deleted. Iowa Admin. Code r. 201-45.2. Further, the extent of any additional punishment for a violation of the conditions of parole, if any, is speculative and will only be realized if Tripp violates the terms of his parole (a state of facts which has not occurred).

*Tripp*, 776 N.W.2d at 858.

Likewise, in *State v. Bullock*, 638 N.W.2d 728, 734 (Iowa 2002), the defendant's challenge to the requirement he register as a sex offender was determined not ripe for review because the registration requirement commenced upon his release from prison and he was still incarcerated. Our supreme court emphasized that the basic rationale of the ripeness doctrine is "to protect administrative agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Bullock*, 638 N.W.2d at 734 (citation, internal quotation marks, and edits omitted).

Moore, like the defendants in *Tripp* and *Bullock*, challenges an administrative decision that has not been felt in a "concrete way." Moore's reliance on *State v. Iowa District Court* is misplaced because there, whether ripeness was implicated turned on whether the applicability of the code section was a judicial decision or an administrative decision. 616 N.W.2d at 578. There, the applicability of sections 902.12 and 903A.2(1) were judicial decisions for the sentencing court, and therefore ripe for adjudication. *Id.* at 579.

Here, in contrast, the applicability of section 905.11 is recognized by both parties to be an administrative decision for IDOC to be formalized in the future. The requirement that Moore reside in a residential facility for one year will only be triggered by Moore's release on parole. Moore does not know yet if or when he will be released. After serving the seventy-percent minimum, Moore is not guaranteed parole or work release. Moore estimates he will be eligible for parole in 2017, but this is ultimately an administrative decision for the IDOC. The law could even be revised or amended by the legislature before it is applied to him.

Accordingly, Moore has not yet felt the concrete effects of the requirement about which he complains, and the case is not ripe for adjudication. We affirm the dismissal of Moore's application for postconviction relief.

**AFFIRMED.**