**IN THE COURT OF APPEALS OF IOWA**

No. 14-0151
Filed November 13, 2014

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**NATHAN LEE JUSTICE,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Linn County, Patrick R. Grady, Judge.

Nathan Lee Justice challenges the lifetime special sentence imposed upon his conviction of sexual abuse in the third degree and assault while using or displaying a dangerous weapon. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik and Heather Ann Mapes, Assistant Attorneys General, and Jerry Vander Sanden, County Attorney, for appellee.

Considered by Danilson, C.J., and Doyle and Tabor, JJ.

**DANILSON, C.J.**

Nathan Lee Justice challenges the lifetime special sentence imposed upon his conviction of sexual abuse in the third degree and assault while using or displaying a dangerous weapon, contending the sentence constitutes cruel and unusual punishment because he was under the age of eighteen at the time he committed the offenses.

Our review of constitutional issues is de novo. *State v. Tripp*, 776 N.W.2d 855, 857 (Iowa 2010).

Justice is challenging the district court's sentence following his guilty plea to third-degree sex abuse and assault while displaying a dangerous weapon. The court sentenced Justice to ten years on the sex-abuse charge and two years on the assault charge. The sentences ran concurrently. In addition, the court entered the lifetime special sentence under Iowa Code section 903B.1 (2013). Justice now claims the lifetime special sentence is cruel and unusual when applied to a juvenile defendant. This claim is not yet ripe for review.

In analyzing section 903B.1 under the scrutiny of the Eighth Amendment of the United States Constitution, courts have noted that the provision imposes parole, which is a more lenient form of punishment that is not tantamount to a sentence of life imprisonment. *Tripp*, 776 N.W.2d at 858. In addition, the terms of a particular defendant's parole cannot be determined before the sentence takes effect, which occurs after completion of the sentence imposed under any applicable criminal sentencing provisions for the underlying criminal offense. *See* Iowa Code § 903B.1. Similarly, any additional punishment for violation of

those terms can only be characterized as speculative since no violation may ever occur. *Tripp*, 776 N.W.2d at 858.

Finally, the lifetime special sentence is "not necessarily for life." *Id.* The section "provides for the possibility of release from parole . . . if the parole board determines the offender is 'able and willing to fulfill the obligations of a law-abiding citizen without further supervision.'" *Id.* (quoting Iowa Code § 903B.1); *see also* Iowa Code § 906.15 ("If a person has been sentenced to a special sentence under section 903B.1 or 903B.2, the person may be discharged early from the sentence in the same manner as any other person on parole.").

Because the specific terms of his parole have not been established, the defendant's challenge is not ripe for adjudication. *See Tripp*, 776 N.W.2d at 858-59 (stating that "until the length of his parole and the extent of his supervision are determined, Tripp's challenge is not ripe"); *see also State v. Poulson*, No 11-1340, 2012 WL 1864790, at *9 (Iowa Ct. App. May 23, 2012) ("As in *Tripp*, we 'would also be analyzing the sentence without the benefit of any conditions that may be placed on him in the future.' Until the length of Poulson's parole and the extent of his supervision are determined, Poulson's challenge is not ripe.").

**AFFIRMED.**