# IN THE COURT OF APPEALS OF IOWA

No. 13-1823
Filed September 10, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SCOTT ALLEN DOORNINK,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Johnson County, Stephen B.

Jackson Jr., Judge.


        The defendant appeals the denial of his motion for correction of an illegal

sentence.  **REVERSED IN PART AND REMANDED.**


        Mark C. Smith, State Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Kevin Cmelik and Kelli Huser,

Assistant Attorneys General, Janet Lyness, County Attorney, and Dana

Christiansen, Assistant County Attorney, for appellee.


        Considered by Danilson, C.J., Vogel, J., and Miller, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MILLER, S.J.**

Scott Allen Doornink, a fifty-year-old man, pled guilty to sexual abuse in the third degree, in violation of Iowa Code section 709.4(2)(c)(4) (2011), for having genital-to-genital contact with a fifteen-year-old girl. He was sentenced to an indeterminate term of incarceration of no more than ten years, which he is currently serving. Pursuant to Iowa Code section 903B.1, the district court also imposed a mandatory special sentence committing Doornink to the custody of the Director of the Iowa Department of Corrections for life, as if on parole or work release, to begin after he completes his prison sentence.

Doornink did not appeal. Almost two years after sentencing he filed a "Motion for Correction of an Illegal Sentence." In his motion he asserted the special sentence violated constitutional prohibitions against double jeopardy and cruel and unusual punishment. The district court addressed and ruled on the merits of Doornink's constitutional challenges, and denied his motion.

Doornink appeals the denial of his motion. On appeal he contends the section 903B.1 special sentence is grossly disproportionate to the crime he committed, in violation of the cruel and unusual punishment proscriptions of the Eighth Amendment to the United States Constitution, and article I, section 17 of the Iowa Constitution.[1] The State asserts, in part, that Doornink's constitutional challenge was not yet ripe.

In rejecting Doornink's cruel and unusual punishment claim, the district court relied heavily on a 2009 decision by our court of appeals, *State v. Harkins*,

[1] Doornink does not challenge the portion of the district court's ruling that rejected his double jeopardy claim.

786 N.W.2d 498, 508 (Iowa Ct. App. 2009), which held that Harkins's attorney did not render ineffective assistance by not arguing section 903B.1 violated the cruel and unusual punishment proscription of the United States Constitution. The next year our supreme court decided *State v. Tripp*, 776 N.W.2d 855 (Iowa 2010). *Tripp* involved a defendant who had pled guilty to the same crime as Doornink, sexual abuse in the third degree, in violation of Iowa Code section 709.4(2)(c)(4) (2007). 776 N.W.2d at 856.[2] Tripp had been sentenced to lifetime parole pursuant to section 903B.1 and argued that portion of his sentence constituted cruel and unusual punishment under the federal and Iowa constitutions. *Id.* at 856-57.

Tripp had been granted a suspended sentence, was on probation at the time of his appeal, and had not yet begun to serve his special sentence. *Id.* at 857-58. The court noted it did not know what the terms of Tripp's parole would be or the extent to which they might be onerous. *Id.* at 858. It noted that even standard terms of his parole might be deleted. *Id.* The court found that the extent of any additional punishment for violation of any conditions of parole was speculative. *Id.* Finally, it found significant that the special sentence was not necessarily for life, as section 903B.1 provides for the possibility of release from parole. *Id.*

Our supreme court concluded in *Tripp* that because Tripp's case did not present "an actual, present controversy," but rather "one that is merely hypothetical or speculative," it was "*not ripe for adjudication.*" *Id.* at 859

---

[2] The 2007 version of this provision is identical to the 2011 version involved in Doornink's case.

(emphasis added) (citing with approval *State v. Schreiner*, 754 N.W.2d 742, 764-66 (Neb. 2008) (finding a defendant's constitutional challenge to the lifetime community supervision provisions of Nebraska law were not ripe for review where defendant convicted of first-degree sexual assault had not yet been released from incarceration)). The court therefore merely affirmed Tripp's conviction. *Id.*

For the same reasons stated in *Tripp*, Doornink's cruel and unusual punishment challenge to the constitutionality of his special sentence is not ripe for adjudication. When a claim is not ripe for adjudication, the court is without authority to hear it and must dismiss it. *Molo Oil Co. v. City of Dubuque*, 692 N.W.2d 686, 692 (Iowa 2005); *Iowa Coal Mining Co. v. Monroe Cnty.*, 555 N.W.2d 418, 432 (Iowa 1996). We conclude that rather than addressing the merits of Doornink's cruel and unusual punishment challenge, the district court should have dismissed it. We therefore reverse the part of the district court's ruling that addressed Doornink's cruel and unusual punishment challenge to his special sentence and remand to the district court to dismiss that part of his motion.

**REVERSED IN PART AND REMANDED.**