# IN THE COURT OF APPEALS OF IOWA

No. 15-0614
Filed March 23, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SCOTT ROBERT ROBINSON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Dubuque County, Michael J.

Shubatt, Judge.

        Scott Robinson appeals from the lifetime special sentence imposed

pursuant to Iowa Code section 903B.1 (2011).  **APPEAL DISMISSED.**

        Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney

General, for appellee.

        Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

Scott Robinson was adjudged guilty of sexual abuse in the third degree and sentenced to an indeterminate term of ten years in prison.[1] In addition, a mandatory special sentence of lifetime parole was imposed pursuant to Iowa Code section 903B.1 (2011). Robinson appeals.

On appeal, Robinson argues the special sentence pursuant to Iowa Code section 903B.1, subjecting him to lifetime parole, is grossly disproportionate to the crime he committed and violates his right to be free from cruel and unusual punishment under article I, section 17 of the Iowa Constitution and the Eighth Amendment to the United States Constitution. Robinson acknowledges that the Iowa Supreme Court has previously concluded that the question of whether a special sentence may amount to cruel and unusual punishment is not ripe for review "until the length of [the offender's] parole and the extent of his supervision are determined." *State v. Tripp*, 776 N.W.2d 855, 859 (Iowa 2010). Though Robinson urges this holding should be overruled, we leave the task of overruling precedent to our supreme court. *See State v. Miller*, 841 N.W.2d 583, 584 n.1 (Iowa 2014) (acknowledging that both the district court and the court of appeals had "properly relied on . . . applicable precedent" and noting that it is "the role of the supreme court to decide if case precedent should no longer be followed"); *State v. Eichler*, 83 N.W.2d 576, 578 (Iowa 1957) ("If our previous holdings are to be overruled, we should ordinarily prefer to do it ourselves."); *State v. Hastings*,

---

[1] Robinson had been previously convicted of kidnapping in the first degree, but the Iowa Supreme Court reversed the conviction and remanded for further proceedings. *See State v. Robinson*, 859 N.W.2d 464, 487 (Iowa 2015). On remand, the State elected to stand on the jury's necessary determination that Robinson was guilty of sexual abuse in the third degree. *See id.* at 482-83 (providing the State that option).

466 N.W.2d 697, 700 (Iowa Ct. App. 1990) ("We are not at liberty to overturn Iowa Supreme Court precedent.").

In *Tripp*, Tripp similarly challenged the constitutionality of the imposition of the special sentence of lifetime parole under section 903B.1. *See* 776 N.W.2d at 858. However, Tripp was not on parole at the time he asserted his constitutional challenge to the lifetime-parole-sentence statute. *See id.* Our supreme court discussed the various considerations that come into play in a parole sentence, such as the possibility that Tripp may violate the terms of his parole in the future or that he may be discharged from parole in the future, thus requiring the court to speculate on what would happen in Tripp's future. *See id.* The court also noted it would "be analyzing the sentence without the benefit of any conditions that may be placed on [Tripp] in the future. Both issues involve administrative decisions that have yet to be made." *Id.* at 858-59. For these reasons, the court concluded Tripp's case was not ripe for its review because it did not present an actual, present controversy, only a hypothetical or speculative controversy. *Id.* at 859. The court found that "until the length of [Tripp's] parole and the extent of his supervision are determined, Tripp's challenge is not ripe." *Id.*

The same is true here. Robinson is not on parole, and until the length of his parole and the extent of his supervision are determined, Robinson's challenge is not ripe for our review. *See id.* When a claim is not ripe for adjudication, the court is without authority to hear it and must dismiss it. *See Molo Oil Co. v. City of Dubuque*, 692 N.W.2d 686, 692-93 (Iowa 2005); *Iowa Coal Mining Co. v. Monroe Cty.*, 555 N.W.2d 418, 432 (Iowa 1996).

**APPEAL DISMISSED.**