# IN THE COURT OF APPEALS OF IOWA

No. 16-0537
Filed December 21, 2016

**BRADLY SHAY CRADY,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Poweshiek County, Annette J. Scieszinski, Judge.

Bradley Crady appeals from the denial of postconviction relief. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Doyle and McDonald, JJ.

**DANILSON, Chief Judge.**

As a result of his 2012 guilty plea to third-degree sexual abuse, Bradley Crady is subject to a lifetime special sentence under Iowa Code section 903B.1 (2011).

In September 2015, Crady sought postconviction relief (PCR), requesting his special sentence be reduced to ten years. The district court dismissed the PCR action for failure to state a cause of action. On appeal, Crady argues PCR counsel was ineffective for failing to challenge the lifetime special sentence as grossly disproportionate to Crady's crime.

In order to prove his claim that PCR counsel was ineffective, Crady must show PCR counsel breached an essential duty and prejudice resulted. *See Rhoades v. State*, 848 N.W.2d 22, 28-29 (Iowa 2014). We review ineffectiveness claims de novo. *Id.* at 26.

Crady acknowledges he is still serving his prison sentence for the underlying offense. He also acknowledges that under *State v. Tripp*, 776 N.W.2d 855, 859 (Iowa 2010), the question of whether a special sentence may amount to cruel and unusual punishment is not ripe for review "until the length of [the offender's] parole and the extent of his supervision are determined."[1] Because Crady was not on parole, PCR counsel breached no duty in failing to raise an

---

[1] Crady asks that *Tripp* be overruled. We leave the task of overruling precedent to our supreme court. *See State v. Miller*, 841 N.W.2d 583, 584 n.1 (Iowa 2014) (acknowledging that both the district court and the court of appeals had "properly relied on . . . applicable precedent" and noting that "it is the role of the supreme court to decide if case precedent should no longer be followed"); *State v. Eichler*, 83 N.W.2d 576, 578 (Iowa 1957) ("If our previous holdings are to be overruled, we should ordinarily prefer to do it ourselves."); *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990) ("We are not at liberty to overturn Iowa Supreme Court precedent.").

issue that is not ripe for review. The district court did not err in dismissing the action. We affirm.

**AFFIRMED.**