# IN THE COURT OF APPEALS OF IOWA

No. 17-0272
Filed March 21, 2018


**ANDREAS BENFORD,**
    Plaintiff-Appellant,

**vs.**

**IOWA DISTRICT COURT FOR JASPER COUNTY,**
    Defendant-Appellee.
_____


Certiorari from the Iowa District Court for Jasper County, Terry R. Rickers, Judge.


Andreas Benford appeals the denial of his motion to correct an illegal sentence. **WRIT ANNULLED.**


Mark C. Smith, State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.


Considered by Vaitheswaran, P.J., Potterfield, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**VAITHESWARAN, Presiding Judge.**

Andreas Benford pled guilty to third-degree sexual abuse and enticing away a minor. *See* Iowa Code §§ 709.4(2)(c)(4), 710.10(2) (2009). The district court sentenced him to prison terms not exceeding ten and five years, respectively, to be served consecutively. The court also imposed a special sentence authorized by Iowa Code section 903B.1.[1]

Benford and his attorney separately filed motions to correct an illegal sentence. Counsel asserted the special sentence as applied to Benford's circumstances constituted cruel and unusual punishment under article I, section 17 of the Iowa Constitution. Following an evidentiary hearing, the district court denied the motion. The court reasoned, "Currently, Benford is in prison and he refuses to sign the parole agreement because it contains numerous conditions that

---

[1] Iowa Code section 903B.1 states:

A person convicted of a class "C" felony or greater offense under chapter 709, or a class "C" felony under section 728.12, shall also be sentenced, in addition to any other punishment provided by law, to a special sentence committing the person into the custody of the director of the Iowa department of corrections for the rest of the person's life, with eligibility for parole as provided in chapter 906. The board of parole shall determine whether the person should be released on parole or placed in a work release program. The special sentence imposed under this section shall commence upon completion of the sentence imposed under any applicable criminal sentencing provisions for the underlying criminal offense and the person shall begin the sentence under supervision as if on parole or work release. The person shall be placed on the corrections continuum in chapter 901B, and the terms and conditions of the special sentence, including violations, shall be subject to the same set of procedures set out in chapters 901B, 905, 906, and chapter 908, and rules adopted under those chapters for persons on parole or work release. The revocation of release shall not be for a period greater than two years upon any first revocation, and five years upon any second or subsequent revocation. A special sentence shall be considered a category "A" sentence for purposes of calculating earned time under section 903A.2.

he feels are unconstitutional.  Until he is subject to those conditions, his claim is not yet ripe for review."  Benford appealed.

The Iowa Supreme Court treated Benford's notice of appeal as an application for writ of certiorari.  The court granted the application.

The sole question before us is whether the district court erred in concluding Benford's constitutional challenge to the section 903B.1 sentence was not ripe for adjudication.  In *State v. Tripp*, the Iowa Supreme Court addressed the same question and held "the issue of whether the imposition of a lifetime parole sentence to the crime of third-degree sexual abuse constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution and article I, section 17 of the Iowa Constitution is not ripe for adjudication."  776 N.W.2d 855, 859 (Iowa 2010).  The court reasoned Tripp was not currently on parole and might not serve lifetime parole.  *Tripp*, 776 N.W.2d at 858.  The court also stated the court did not have "the benefit of any conditions that may be placed on him in the future."  *Id.* at 858-59.  Finally, the court pointed out "[b]oth issues involve administrative decisions that have yet to be made."  *Id.* at 859.

Benford acknowledges this precedent but argues *Tripp* is incorrect and distinguishable.  First, he asserts the court was incorrect in pointing to the unknown date on which an offender might be released from the special sentence and should have instead focused on "the *maximum* duration of the special sentence."  Second, Benford argues "we . . . know the supervisory terms under which he would serve his special sentence" because he introduced a copy of the parole agreement the department of corrections wanted him to sign.  We are unpersuaded by either argument.

Tripp was convicted under the same statutory provision as Benford. *See id.* at 856. The court in *Tripp* found the constitutional issue unripe for adjudication based on "the possibility of release from parole under chapter 906 if the parole board determines that the offender is 'able and willing to fulfill the obligations of a law-abiding citizen without further supervision.'" *Id.* at 858 (quoting Iowa Code § 906.15). We recognize section 906.15 contains a caveat stating

> a person convicted of a violation of section 709.3, 709.4, or 709.8 committed on or with a child, or a person serving a sentence under section 902.12, shall not be discharged from parole until the person's term of parole equals the period of imprisonment specified in the person's sentence, less all time served in confinement.

But this language was in the statute when *Tripp* was decided and did not alter the court's reasoning. The court's focus on the release date is controlling.

Nor is Benford's case distinguishable from *Tripp* based on his introduction of a parole agreement. Benford did not sign the agreement, and he acknowledged the department "rescinded" his parole several months before the evidentiary hearing on his motions to correct an illegal sentence. On the date of the hearing, he remained in prison. We do not know whether any future parole decision would be governed by the identical parole agreement because an administrative parole decision had yet to be made.

Based on *Tripp*, we conclude Benford's constitutional challenge to the section 903B.1 special sentence was not ripe for adjudication. We annul the writ of certiorari.

**WRIT ANNULLED.**