# IN THE COURT OF APPEALS OF IOWA

No. 17-0691
Filed April 4, 2018

**CHRISTOPHER A. ANDERSON,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Monona County, Duane E. Hoffmeyer, Judge.

Christopher Anderson appeals the lifetime parole special sentence imposed under Iowa Code section 903B.1 (2011) upon his conviction for sexual abuse in the third degree. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Martha J. Lucey, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Tabor and McDonald, JJ.

**TABOR, Judge.**

Christopher Anderson challenges the lifetime parole special sentence imposed when he pled guilty to third-degree sexual abuse under Iowa Code section 709.4(2)(c)(4) (2011). The court sentenced Anderson to a term of incarceration not to exceed ten years and imposed the lifetime parole special sentence under Iowa Code section 903B.1. Anderson did not file a direct appeal. In this appeal from the dismissal of his postconviction relief petition, Anderson argues the special sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution and article I, section 17 of the Iowa Constitution.

We review challenges to the constitutionality of a statute de novo. *State v. Tripp*, 776 N.W.2d 855, 857 (Iowa 2010). Further, because Anderson challenges his sentence as cruel and unusual, we address it directly and not as an ineffective-assistance-of-counsel claim. See *Tripp*, 776 N.W.2d at 857[1]; *see also State v. Lyle*, 854 N.W.2d 378, 382 (Iowa 2014). As a remedy, Anderson contends our supreme court's holding in *State v. Bruegger*, 773 N.W.2d 862, 884 (Iowa 2009), requires his case be remanded for an individualized hearing.

In *State v. Tripp*, 776 N.W.2d at 859, our supreme court concluded the question of whether a special sentence amounts to cruel and unusual punishment was not ripe for review because the terms of the offender's parole were yet to be determined and could not be determined until the offender completed the sentence

---

[1] Iowa Code section 903B.1 is a sentencing provision. *See* S*tate v. Hallock*, 765 N.W.2d 598, 605 (Iowa Ct. App. 2009); *see also Smith v. State*, No. 09-1518, 2010 WL 4867384, at *4 (Iowa Ct. App. Nov. 24, 2010).

imposed for the underlying criminal offense. *See* Iowa Code § 903B.1. An issue is ripe for adjudication only when it "presents an actual, present controversy, as opposed to one that is merely hypothetical or speculative." *Tripp*, 776 N.W.2d at 859. Anderson argues, "*Tripp* was wrongly decided and should be overruled."[2] But our court is not at liberty to overrule controlling supreme court precedent. *State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014).

As in *Tripp*, Anderson has not yet completed his term of incarceration;[3] therefore "[w]e do not know the terms of his parole and the extent to which those terms may be onerous." *Tripp*, 776 N.W.2d at 858. Also, as the court recognized in *Tripp*, "the special sentence is not necessarily for life." *Id.* The parole board can release Anderson from parole at any time. *See* Iowa Code § 906.15. Because the parole board has not yet made critical determinations—as to the length of the parole and the extent of the supervision—we can only speculate whether Anderson's special sentence will be cruel and unusual. Applying controlling precedent, we find the issue is not ripe for review.

**AFFIRMED.**

---

[2] Anderson asked the Iowa Supreme Court to retain this case under Iowa Rule of Appellate Procedure 6.1101(2)(a) and (c), but that court transferred the case to us.

[3] Tripp was serving a suspended sentence and was required to successfully complete a term of probation before serving the special sentence. *Tripp*, 776 N.W.2d at 858.